UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **DOES 1-98** ) | |
| **Uraba, Colombia** ) | |
| ) | |
| **and** ) | |
| ) | |
| **PAUL WOLF** ) | |
| **PO Box 46213** ) | |
| **Denver, CO 80201** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. _____** |
| ) | |
| **BOIS SCHILLER & FLEXNER LLP** ) | **Jury Trial Demanded** |
| ) | |
| **and** ) | |
| ) | |
| **Doe Defendants 1-8** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## COMPLAINT

### I.  NATURE OF THE ACTION

1.      In this action, 98 Colombian nationals who filed suit against Chiquita Brands,

International, for wrongful death and related violations of international law, bring an

action against the law firm of Boies Schiller Flexner, LLP (hereinafter "Boies Schiller"),

for fraud, tortious interference with contractual relations, malpractice, anti-trust

violations, and negligence, in relation to Boies Schiller's filing a lawsuit in their names

without their knowledge or consent.  All but five of Doe Plaintiffs are already represented

in this action in this Court by co-plaintiff Paul Wolf.[1]  The Doe Plaintiffs in the instant

---

[1] In those five cases, Does 94-98 at ¶¶ 136-140, Wolf had signed retainer agreements with Plaintiffs but
never filed the claims due to missing information.  When contacted recently, those individuals denied any

case are suing Chiquita Brands, International twice, with two different lawyers, for the same torts.  Defendant is well aware of this fact.  None of the Doe Plaintiffs have ever met with Defendants or even heard of them.  Thirty-four of them deny ever signing a contract with any of Defendant's agents.  Fifteen say they went to the office of a Colombian government agency to apply for benefits as war crimes victims, and signed forms related to the Chiquita case, but did not understand that they were giving power of representation to attorneys in competition with Paul Wolf.  Another forty-two Plaintiffs went to the Municipal Building of the municipality of Apartado, Colombia (called the "Ciudadela"), where they were told either that Defendant's agents worked for Paul Wolf, or that Paul Wolf had lost his case and that they would have to start over.  Plaintiffs do not know if anything improper occured in the use of the Municipal Building, which does allow private groups to conduct meetings there.  However, the Ciudadela is still cloaked in government authority and confuses clients, particularly after Defendant's use of the Accion Social employees as its agents.  Not a single Doe Plaintiff had ever heard of Boies Schiller Flexner, LLP or knew that the Defendant had filed a claim in their name until advised of this by Paul Wolf and his staff.  Despite Wolf's complaints about all this, and threats of a lawsuit, Defendant continues to ratify its prior conduct by filing amended complaints including claims which is knows are duplicates, and were obtained by fraud.  Wolf himself was also harmed by Defendant's acts.

2.      Boies Schiller Flexner LLP used several employees of a Colombian governmental agency, Acción Social,[2] to directly solicit clients from within the agency's office in

---

knowledge that Defendant had filed their claims, and expressed their desires to be represented by Paul Wolf.

[2] Acción Social is a program of the Colombian government funded by the United States Agency for International development (hereinafter "USAID").

Apartadó, Colombia.   Persons arriving at Acción Social to apply for benefits, whose cases fell Boies Schiller's case acceptance critera, were asked to sign forms giving power of representation to Heli Abel Torrado y Asociados, Companía Torrás, SA,[3] an entity in Bogotá, Colombia, to sue Chiquita Brands, International.  (hereinafter "Heli Abel")  Most of the Plaintiffs were not given copies of these agreements, and none have a copy of an agreement signed by Heli Abel or any of his agents.  Persons defrauded in this manner include not only the instant Doe Plaintiffs, but many other persons who are not represented by Paul Wolf. Scores of them have come to Wolf's office in Apartado looking for help; and all have been turned away.  The Doe Plaintiffs are likely to be representative of Defendant's other clients as well, although Wolf does not represent them.

3.     Boies Schiller published the Doe Plaintiffs' names in the public record, without their knowledge or consent.  This invades their privacy and endangers their lives.  When asked whether they would authorize the Court to publish their names in the public record, only two out of 98 of the Doe Plaintiffs gave their authorization.  The Plaintiffs live in a region devastated by war, and each has had a close family member assassinated.  Those persons were assassinated because their names also appeared on lists, which on information and belief were provided to the AUC paramilitaries by the Colombian government.   The Uraba region of Colombia is still extremely violent, and any association with this case could be interpreted as siding with the FARC guerrillas. Lastly, Judges Hogan and Lamberth have permitted my four complaints against Chiquita Brands to be filed under pseudonyms in this Court, as has Judge Kenneth A. Marra in the

---

[3] The abbreviation S.A., is an abbreviation for Sociedad Anonima, which is Spanish for "Anonymous Association."  It is a corporation with anonymous owners.  Plaintiffs don't know who owns Heli Abel, or whether the owners are attorneys.

Southern District of Florida.  Judges in other District Courts also granted motions to file under pseudonyms in every single case, in similar actions against Chiquita Brands.  <u>See</u> Declaration of Paul David Wolf, Exhibit 1 to Plaintiffs' Motion to Commence and Proceed with Action under Pseudonyms.

4.      Publishing the Plaintiffs names, after numerous other judges associated with the MDL, without exception, have permitted similar cases to be filed under pseudonyms, shows that Defendant's employees are either ignorant about the nature of this case, or simply aren't worried about the lives of their clients.  On information and belief, the reason Defendant's own attorneys never travel to Colombia is out of concern for their own safety.

5.      The Court's assistance is required to (a) determine that Paul Wolf represents these individuals; (b) enjoin Defendant from taking further legal action in their names; (c) order Defendant to return Plaintiffs' evidence; (d) award Plaintiffs damages for fraud, malpractice, invasion of privacy, tortious interference with contractual relations, anti-trust violations, and negligence; and (e) engage in fact-finding to determine what disciplinary action by bar counsel, in the US or Colombia, may be warranted.  Bar counsel supervision is needed in the multi-district case, to set some minimal standard for the treatment of the clients of mass tort lawyers, who view their cases more as investments than as real people.  The practices described in this complaint are apparently not unique to Defendant, but pervade the self-described "plaintiffs' bar" and are rarely brought to light.

## II.  BACKGROUND FACTS

6.      Between May 8, 2007 and July 24, 2009, Plaintiff Paul Wolf contracted with the 98 Doe Plaintiffs in this case, to represent them in a civil action against Chiquita Brands International, for the latter's alleged support of paramilitary and guerrilla violence in Colombia.  The Doe Plaintiffs are all Colombian citizens who live in the Uraba region of Colombia, near to where Chiquita's banana growing operations in Colombia had been based.  Wolf has had an office in Apartado, Colombia since the fall 2007.  It is a legally registered business, called *Asesorias Paul*, with N.I.T. No. 700.049.903-7,[4] and current physical address at Calle 107 Nro. 100-71 Barrio Velez, Apartadó, Antioqui, Colombia. *Asesorias Paul* is not a legal entity, but merely a trade name used by Paul Wolf in Colombia.  The purpose of this business is to collect evidence for the Chiquita case.

7.      Plaintiff Paul Wolf brought four related civil actions against Chiquita Brands, including 1:07-cv-01048 (RJL), 1:10-cv-00404 (RJL), 1:11-cv-00582 (RJL) and 1:11-cv-00583 (RJL).  Undersigned counsel, Paul Wolf, is the attorney for the Plaintiffs in the instant lawsuit, who are also plaintiffs in one of these four other actions filed against Chiquita Brands International, Inc.  These four other lawsuits are all currently pending in the Southern District of Florida in Multi District Litigation (MDL) proceedings, while common issues are decided.[5]

---

[4] An N.I.T. is a tax registration number used by the Colombian tax authority, the DIAN.  Since establishing this business in 2007, it has always been in compliance with the law and with Colombian accounting laws. A licensed Colombian accountant certifies these books every year, and Wolf pays taxes to the Colombian government on all investments made there.

[5] The common factual issues to be decided in Florida do not involve the details of individual cases, which should all be tried here in the District of Columbia.  Once the common issues are decided, Judge Marra loses jurisdiction over these cases, and Plaintiffs plan to move under Lexecon v. Millberg to have them remanded back to this Court to be tried individually.

*Defendant's Relationship with the Plaintiffs*

8.     To obtain Plaintiffs' names and personal information, Defendant Boies Schiller employed the Colombian entity Heli Abel Torrado y Asociados, SA.  In November of 2009, Heli Abel employed a Colombian attorney named Jhon Ivan Polo,[6] who at the time was also an official of the Colombian govenment.   Mr. Polo worked in Apartadó, Colombia, as the manager of the office of Acción Social.  Acción Social is an agency of the Colombian government which works as part of the Office of Transition Initiatives (OTI) of USAID, and is part of the overall counterinsurgency effort support by the United States, providing financial subsidies to victims of war crimes.  The purpose is to divert people who might otherwise seek revenge, into a legal process and provide them with a sense of justice.   Mr. Polo's assistants included two other Accion Social employees, named Melba Burgos and Walter (Last Name Unknown).

9.     Over the next few months, beginning November 2, 2009, Mr. Polo and his assistants met with hundreds of potential plaintiffs for the Chiquita case, including fifteen of the Doe Plaintiffs in the instant case, who had already filed suit in the four actions referenced supra at ¶ 6.  These fifteen Plaintiffs signed contracts in the office of Accion Social, and thought they were applying for Accion Social benefits.  They are designated infra as: Doe 8; Doe 18; Doe 20; Doe 22; Doe 26; Doe 31; Doe 36; Doe 59; Doe 61; Doe 63; Doe 67; Doe 80; Doe 82; Doe 87; and Doe 98.

10.    Heli Abel's contracts with these Plaintiffs were all identical.   An example is attached hereto, with an English translation, as Exhibit A.[7]

---

[6] The name "Jhon" is normally spelled this way in Colombia.  It is not a misspelling.

[7] These agreements are fraught with attorney ethics problems.  They do not mention Boies Schiller Flexner LLP's name at all.  The contract purports to give power of representation to Heli Abel and to the "Comite de Conduccion del Litigio contra Chiquita," (Committee Conducting the Litigation against Chiquita) which

11.     Forty-two of the Doe Plaintiffs met with Defendant's agents at another location: in

the Municipal Building of Apartado, called the "Ciudadela."  They were told either that

Paul had lost his case and that they'd have to start over, or that Defendant's agents worked

for Paul themselves.[8]   Each of these false statements proves Defendant's agents had

---

is apparently a reference to the plaintiffs' steering committee in the Multi District Litigation, and demonstrates Defendant's involvement in writing the agreement.  The agreement is made under the law of New York State, further demonstrating Defendant's involvement in writing it.

None of the Doe Plaintiffs are in possession of a copy of the agreement signed by either Defendant or any agent of Defendant or Heli Abel.  Some have unsigned copies, and some do not have any copy.  The blank form contracts are numbered, and contain the printed name Heli Abel Torrado y Asociados, Compania Torras, SA printed above, rather than below, the line where the lawyer is supposed to sign, making it unclear whether Heli Abel has actually executed the agreement.  This appears intended to confuse and deceive the Plaintiffs, since the blank forms look like they may already have been signed. However, scores of other persons have come to Wolf's office with these unsigned contracts, for which Defendant did not file any claims, apparently because their cases didn't meet Defendants' acceptance criteria for murders occurring between 1997-2004.  Therefore, it does not appear that Heli Abel considers its printed name to be an execution of the agreement; otherwise, the firm would have outstanding obligations to many other people, who are currently not represented by anyone.

The contract contains no phone number for the clients to use to call Heli Abel or anyone else, and neither does Heli Abel's website, at www.abogadosencolombia.com. (accessed on Sept 23, 2012)  These persons, therefore, have no easy way to determine whether Heli Abel had accepted their case or filed a claim in their name. This has created enormous confusion among Wolf's clients about the relationship between the civil cases in the United States, and the Colombian government agency, Acción Social.  Up to a thousand people are either unaware that Defendant is suing in their names, think that someone is suing in their names even though no one is, or think that Wolf is their attorney even though Boies Schiller Flexner LLP actually represents them.  This is all due to Defendant's fraudulent business practices, and to the contempt with which Boies Schiller treats its purported clients.  Neither Boies Schiller Flexner LLP, nor Heli Abel, nor any of their agents have ever tried to contact any of the Doe Plaintiffs since obtaining their names in 2009. This suggests that Boies Schiller Flexner LLP's other clients have similarly been neglected since they were first contacted some three years ago.

Additional contract terms purport to give Heli Abel the power to settle their cases for any amount without further consultation with the client, financial penalties for terminating Heli Abel's services, and other terms considered unethical in the practice of law.

Finally, the attached forms, which are incorporated into the contracts, contain little or no details about the underlying murders. It's unlikely that Defendant even knows those details, since this is Defendant's system for tracking them. Furthermore, it does not appear that Defendant made any further efforts to investigate its cases, since none of the Doe Plaintiffs have ever been contacted by them, except during Defendant's "drive by" in Uraba in 2009.  Since the forms contain no question about prior legal representation, they are evidence that Defendant did not screen these individuals for prior legal representation.

[8] The known false statements, as related by Plaintiffs in their depositons, are summarized in parentheticals herein.  Doe 19 (Defendant's agents told Plaintiff that Asesorias Paul had disappeared); Doe 24 (Defendant's agents told Plaintiff they worked for Paul Wolf.); Doe 27  ("I asked [Defendant's agents working in Ciudadela] if Heli Abel was the same [as Paul] and they said yes."); Doe 31 (Plaintiff only gave his documents to Defendant's agents at the ciudadela thinking they would be delivered to Paul); Doe 53

knowledge that the Plaintiffs were already represented by an attorney.  Some Plaintiffs signed agreements with Heli Abel; other deny signing agreements.  Plaintiffs meeting with Defendant's agents in the Ciudadela include Doe 1; Doe 3; Doe 4; Doe 12; Doe 13; Doe 15; Doe 17; Doe 19; Doe 21, Doe 23, Doe 24; Doe 25; Doe 27; Doe 28, Doe 29; Doe 32; Doe 33; Doe 37; Doe 39; Doe 40; Doe 41; Doe 42; Doe 43; Doe 44; Doe 45; Doe 48; Doe 53; Doe 54; Doe 56; Doe 58; Doe 62; Doe 64; Doe 66; Doe 68; Doe 70; Doe 72; Doe 74; Doe 76; Doe 78; Doe 83; Doe 85; and Doe 88.

12.     On information and belief, Defendant's agents at this and other locations were named Viviana Muñoz, Ginna LNU, Cristina LNU, Nelson Marin and Yolanda Marin.

13.     In addition to these twenty-nine Doe Plaintiffs who were deceived into signing agreements, thirty-four of the Doe Plaintiffs deny ever signing any agreement with Defendant's agent, Heli Abel.  Plaintiffs who deny ever signing any agreement with Heli Abel include: Doe 2, Doe 3, Doe 7, Doe 8, Doe 10, Doe 11, Doe 12, Doe 18, Doe 21, Doe 30, Doe 31, Doe 34, Doe 35, Doe 42, Doe 43, Doe 46, Doe 47, Doe 50, Doe 51, Doe 52, Doe 55, Doe 65, Doe 67, Doe 69, Doe 71, Doe 75, Doe 77, Doe 79, Doe 81, Doe 84, Doe 86, Doe 88, Doe 96, and Doe 97.

---

(Plaintiff states that "It was all a trick."); Doe 32  (Defendant's agents told Plaintiff that Asesorias Paul had disappeared); Doe 33 (Defendant's agents said they were receiving documents for Paul's case); Doe 38 (Defendant's agents said that they were "streamlining" the process in the Chiquita case, and that Paul Wolf had left and abandoned the case, and that Wolf's case had ended.); Doe 45 (Defendant's agents told Plaintiff that Paul had lost all of her documents that she gave him); Doe 49 (At Don Diego's mall, Defendant's agents told Plaintiff that they worked for Paul.); Doe 50 (Defendant's agents told Plaintiff that Paul's case had been terminated and that Plaintiff would have to start all over again); Doe 56  (Plaintiff went to Ciudadela because she thought it was Paul's case, then heard that Paul had left and had abandoned the case; says she was lied to in order to get her to sign the Heli Abel contract.); Doe 62 (Plaintiff asked Defendant's agents if they were the same as Paul, and they replied in the affirmative); Doe 73 (Defendant's agents told her Paul's case had ended and that he would have to start all over again.); andDoe 94 (Defendant's agents told Plaintiff that they could process her claim faster than Asesorias Paul.).

14.     In sworn declarations made before a Colombian judicial official during the past three months,[9] not one of the Doe Plaintiffs in this action stated that it was ever her intention to terminate Wolf as her lawyer and give power of representation to another group of attorneys.  None of the Doe Plaintiffs had ever heard of Boies Schiller Flexner LLP, and many had never heard of Heli Abel.  Their only contacts, aside from with Wolf and his office staff in Apartado, were with a Colombian government agency and privately-employed individuals who worked therein, and with another group who worked in the Municipal Building of Apartado.

15.     In other words, 86 of the 98 Doe Plaintiffs either deny signing any agreement with Defendant's agents, or were deceived by false statements made by Defendants agents in government buildings.[10]  The remaining Doe Plaintiffs did not elaborate in their declarations, but are available as witnesses.  Not a single Doe Plaintiff said that she had even intended to change attorneys.  They either believed Defendant's agents were Paul Wolf's employees, or that he had lost or given up on the case, which was not true.

16.     This fraudulent and deliberate solicitation of Paul Wolf's clients exactly timed to coincide with the termination of financial support by the law firm of Searcy, Denney,

---

[9] Evidence is taken in Colombia at a government office called a <u>notaria</u>.  The word can also refer to the title of the person in charge of the office.  Despite its similarity to the word notary in English, a Colombian <u>notaria</u> is akin to a magistrate in the United States, and collects evidence to be used in other proceedings. All of the Doe Plaintiffs have recently given sworn testimony to the <u>notaria</u> in Apartadó, Colombia regarding the subject matter of the instant case. The questions were submitted by Wolf to the <u>notaria</u> in writing.  The <u>notaria</u> asks the witness the question and records the answer, then the witness signs the declaration in the <u>notaria</u>'s presence, and the <u>notaria</u> affixes her seal to the document.  Each of the Doe Plaintiffs' allegations are backed up by a sworn declaration.

[10] A total of 149 cases are known to have filed duplicate claims by both Paul Wolf and Boies Schiller.  In every case, Wolf filed his claim long before Boies Schiller.  Most of the 51 persons not included in the instant action, could not be reached by phone, although a few were contacted but did not complete their declarations in time to be included in this action.  The problem of losing contact with clients, in a case moving as slowly as this, is serious and ongoing.  Many people living in the Uraba region frequently change their phone numbers for security reasons, and others can't afford to maintain phone service. Defendant knows the identities of the remaining 51 and is free to contact them to see if any prefer their representation over that of Paul Wolf's.

Scarola Barnhardt & Shipley LLP ("SDSBS").  After Wolf complained to SDSBS about Defendant's raid, Jack Scarola and Bill King of SDSBS asked Wolf not to take action at that time, for fear of upsetting or distracting Judge Marra in some way.  SDSBS is not a party to this lawsuit because the Plaintiffs cannot determine whether SDSBS and Boies Schiller conspired together, or whether on its own, Boies Schiller capitalized on information provided to them by Searcy Denney, that Wolf would soon close his office. Reasonable discovery should show whether SDSBS or any of its attorneys can be joined without running afoul of Rule 11.

17.     The circumstances of each Doe Plaintiff's signing an agreement with Heli Abel, or not, are detailed for each Doe Plaintiff herein at ¶¶ 55-140**.**  Every single Doe Plaintiff has given sworn testimony to support these allegations. These circumstances show that Defendant has no power of representation over any of these individuals' cases, and that a fraud has been perpetrated on the Court, as well as on the Plaintiffs.  This matter has been brought to Defendant's attention on numerous occasions, to which Defendant responded only with threats.

18.     On information and belief, Jhon Ivan Polo lost his job at Accion Social for the conduct alleged herein.  Also on information and belief, Mr. Polo continues his relationship with Defendant as its agent.  However, none of the Plaintiffs have ever had any dealings with Mr. Polo after initially signing an agreement with him.

### *The coincidence of Wolf's temporary closing of his office*

19.     The six months of soliciting clients through a Colombian government agency coincided with the temporary closing by Wolf of his office in Apartadó, and the layoff of his employees, due to financial difficulties.  For most of the last 5 years, Wolf has

shouldered the financial burden to maintain a full-time, physical office in Apartado, Colombia, with three employees.  Wolf had entered into an agreement with the firm of Searcy Denney Scarola Barnhardt & Shipley (hereinafter "SDSBS"), on September 22, 2008, according to which SDSBS would advance Wolf $6000. per month to finance his office in Colombia, in exchange for two thirds of any fees earned, should SDSBS exercise a "right of refusal" over the cases.[11]  On October 30, 2009, SDSBS made its last payment to Wolf, terminating their agrement after 11 months of monthly payments. According to Jack Scarola of SDSBS, the case was moving too slowly, and SDSBS did not want to invest more money in it at that time.  Two days later, on November 2, 2009, Defendant's agents began soliciting Wolf's clients in Apartado.

20.     Although they had just been laid off, Wolf's employees continued to periodically answer their phones and meet with small groups of them.  Wolf's employees received numerous calls from Wolf's clients who'd been asked to sign forms related to the Chiquita case at Acción Social, but did not understand what the form were for.  Some of the clients had signed the forms; others said they had refused.

21.     On April 14, 2010, Defendant filed claims for the Doe Plaintiffs, as well as more than a thousand other individuals with whom Wolf has had no contact, in the Southern District of Florida in the case captioned <u>Henao Montes et. al. v. Chiquita Brands, International</u>, 10-cv-60573 (KAM).   These duplicate claims are still pending in the Southern District of Florida.  None of the Doe Plaintiffs knew this until told so by Wolf and his staff.  Not a single one knew who Boies Schiller was, and every one contacted believed that her lawyer was Paul Wolf.

---

[11] This odd-type of discretionary representation is apparently commonplace in the mass tort world.  This is undersigned counsel's first experience with this type of lawyer.

22.     On June 3, 2011, Judge Marra in the Southern District of Florida issued a memorandum opinion in the MDL action against Chiquita, granting in part and denying in part Chiquita's motion to dismiss.  This was seen by undersigned counsel, and others, as being very favorable to Plaintiffs' cases.  As a result, Wolf and SDSBS agreed to resume their prior relationship.  However, they did not sign any agreement.  SDSBS paid Wolf $15,000 to reopen the office on June 20, 2011, and $6000 per month for the months of August, September, October and November of 2011.

23.     On June 22, 2011, Wolf raised the issue of the multiple filings with two of Boies Schiller's attorneys, Lee Wolosky and Douglass Mitchell, at a meeting of the plaintiffs' steering committee at the offices of Cohen Millstein Sellers & Toll, PLLC in Washington, D.C.  The issue was also raised in other meetings, and was the subject of email correspondence between Wolf and Wolosky and Mitchell in June and in August of 2011.  The general consensus of the plaintiffs counsel in the MDL action was that the first lawyer to obtain power of representation would represent that person unless there was evidence that the individual wanted to change attorneys.

24.     Shortly thereafter, in a gesture of good faith, on June 26, 2012, Wolf sent a spreadsheet containing all of his clients who'd file claims at that time, to Mr. Wolosky.  Wolf thought that since he had filed under pseudonyms, Defendant not have known it was filing duplicate claims, even though Defendant certainly had a duty to screen new clients for prior representation.

25.     On July 3, 2011, Wolf returned to Apartado to meet with his clients to explain Judge Marra's decision to them.  Wolf held a meeting which was attended by about 600 of his clients, most of whom were personally invited by telephone to attend.  Radio ads

were also run, as many of the people in the Uraba region do not have phones,[12] but listen to the radio.  The radio ads stated that the meetings were for Wolf's clients.  In addition, Wolf screens persons entering his meetings by asking each person to identify themselves, then looking them up in a spreadsheet of clients.  Each client signs the sign-in list, with case number identified, with one of Wolf's employees, who were instructed not to allow non-clients to attend these meetings.

26.    At this meeting, Defendant intentionally infiltrated one of its agents under false pretenses, in order to obtain confidential attorney-client communications between Wolf and his clients.  On information and belief, this person's name was Viviana Muñoz.  When Ms. Muñoz was asked by Sandra Caballero, part-time assistant, who she was, she replied that she was personally invited to the meeting by Paul Wolf.  Ms. Caballero told Muñoz to go talk to Wolf and come back with him to confirm this.  Muñoz never talked to Wolf and never signed the sign-in sheet for the meeting.  Wolf never even knew she was there.  Munoz apparently disappeared into the crowd of about 600 people, and then reported back to Boies Schiller.

27.    Wolf announced that the meeting was only for his clients, although he spoke to two of Defendant's clients before the meeting, who were very unhappy about signing agreements with Heli Abel and were confused about his relationship with Paul Wolf.  Wolf allowed them to attend, not yet realizing Defendant's continued hostile intentions and having just given Defendant a copy of a spreadsheet identifying all of his clients.  Since that time, Defendant's unhappy clients have been kept out of our meetings, and

---

[12] Approximately 50 other individuals had duplicate claims filed by Defendant as well, but could not be reached by telephone.  This is approximately a 67% success rate in contacting clients by phone after a period of several years.  Many people in the Uraba region periodically change their phone numbers for security reasons.  Others cannot afford to maintain telephone service.  This is an endemic problem in working with people in these communities and will be an issue in these cases in the future.

when they arrive in our office, we take down their names and tell them that they have to contact Defendant's agents directly, and that we cannot help them.

28.    When Wolf told the other plaintiffs' counsel about his meeting in email list used by the plaintiffs' counsel, Boies Schiller attorney Lee Wolosky admitted to directing this person, who infiltrated the meeting.  According to Wolosky, if Boies Schiller was able to infiltrate Wolf's meeting, then Chiquita could too.  Wolosky also claimed that Wolf had told his 600 clients that Heli Abel's contracts were all invalid, and that the Heli Abel clients would have to start over.  This false accusation was made to other plaintiffs' counsel in order to harm Wolf's reputation.  What Wolf did say in that meeting was that he was not working with anyone in Accion Social and that no one there was authorized to use his name.

29.    In fact, Wolf has never accepted any of the scores of unhappy Boies Schiller clients who've come to his office begging for help.  In October of 2011, all of the plaintiff groups in the MDL sent their client data to John Hopkins of SDSBS, who attempted to run a conflicts check, and produced to each plaintiff group, a list of their conflicted cases, and that dates when each law firm signed an agreement.  There seemed to be an agreement among plaintiffs counsel at that time, that the first lawyer to sign an agreement would be recognized as the person's attorney.[13]  The "Hopkins Report" found 88 cases overlapped between Wolf and Boies Schiller.  However, Wolf's manual comparison of the complaints showed 149 duplicate claims, as Wolf originally demonstrated to Boies

---

[13] Jack Scarola of SDSBS wanted to mediate the dispute between Wolf and Boies Schiller over the claims at issue here, since his firm may have a financial interest in some of the cases.  SDSBS negotiated with Wolf for a "right of first refusal" to share in fees for about half of them.   Wolf sent copies of his retainer agreements and intake forms to Scarola in October of 2011, hoping he will keep his promise.  Instead, Scarola organized other plaintiff attorneys around the idea of a "class action" model to limit number of plaintiffs and tell the court that all potential plaintiffs were likely to be already represented.

Schiller when he sent them his client spreadsheet in July of 2011.  The Hopkins report, though, showed that Wolf has never signed an agreement with a client previously represented by Defendant, and that every duplicate claim was caused by Defendant. Defendant has known this for more than a year but continues filing amended complaints that include the Doe Plaintiffs. Those persons quite rightly feel abandoned and defrauded by Defendant's unethical acts.

30.     After its last payment on November 1, 2011, SDSBS ceased making payments to Wolf.  This was because Wolf would not sign on to the "class action" scheme, described infra in the next section.

<em>The "Class Action" Scheme</em>

31.     On about December 4, 2011, lawyers for all plaintiff groups, with the exception of Paul Wolf, formed an agreement for the joint representation of all future Plaintiffs in the multi district case, using the vehicle of a purported class action.  (hereinafter, "MDL Agreement")  Under the MDL Agreement, each firm would continue signing individual retainer agreements with any new clients met after October 31, 2011.  However, the MDL Agreement prohibits these firms from filing the claims.  Instead, they are to be "registered" as class members in a purported, but widely acknowledged as frivolous,[14] class action.  In the exact words of the agreement, "cases outside the 10/31 and 1/31 deadlines (post-deadline cases) will not be individually filed pending further decision of the Group but shall be 'registered' as claims subject to these understandings."  Neither SDSBS nor Boies Schiller have explained what this supposed registration process entails, but it does not refer to any legal process.  The MDL Agreement is essentially an

---

[14] Groups of wrongful death or personal injury cases are not generally certifiable as class actions since the circumstances of the deaths and injuries are each different.

agreement not to file any more claims.  And, while the MDL Agreement specifies many of its contract terms in detail, it has no requirement to notify putative clients that their attorneys have signed an agreement that prohibits them from filing their claims.  This is a fraudulent business practice that all plaintiffs counsel in the MDL action agreed to, with the exception of undersigned counsel.

32.     Under the MDL Agreement, each firm must have identical terms in its retainer agreements, at least for the material terms.  Individual contracts must include language acknowledging and consenting to the intent to associate with other unspecified counsel, and authorizing the sharing of fees with unspecified counsel, with no required disclosure, or even mention of any fee split.  Attorneys fees on new cases are to be divided equally among plaintiffs' counsel, with an undefined additional amount to be awarded to the firm which signed the contract with the client.  Contingency fees would be fixed at the maximum allowed under the Florida bar ethics rules.  Referral fees are limited to a maximum of no more than 25% of the total fee payable by the client.  Each firm was to file all of its pre-existing claims by December 31, 2011, although the group subsequently agreed to extend this deadline.

33.     The group agreed that no member of the group would actively pursue any new claims, in recognition of a purported ethical concern, that increasing the total number of claimants could reduce the funds available from a settlement to satisfy each individual claim.  This novel ethical problem not only requires the plaintiffs' counsel to not file any more claims; it also means to keep new lawyers from filing claims.[15]

---

[15] Unlike most other plaintiffs counsel in the MDL, Wolf has a permanent and physical office in Apartado, and receives a steady stream of new cases.  Approximately 550 new cases have been generated within the last year, which are not yet filed.  Wolf has made counter-proposals to the other plaintiffs counsel, to cooperate in a joint effort to generate cases in towns in Uraba heretofore considered too dangerous to work

34.     The purpose of the MDL Agreement is to bring every current and potential plaintiff under the committee's control, so that the committee can represent to the Court, and to defendant Chiquita Brands, that no more claims will ever be filed.[16]  This was stated succinctly in an email from Jack Scarola, a partner in SDSBS, to Wolf dated November 30, 2011 as follows:

> The consensus of the Chiquita Group was that in order for us to begin to make substantive progress in the prosecution of our claims we needed to be able to **represent to the Court**[17] that we have fixed the individual claims that we expect to file and that we do not anticipate further additions.
>
> To accomplish this objective, we agreed that all cases signed up before 10/31 could be filed separately either in new cases or by amendment to existing pleadings prior by 12/31. Claims that fall outside those deadlines would be "registered" as part of the class action, and those claims would be considered as belonging to the group.
>
> It is clearly understood that up to this point, you have elected to exempt yourself from this agreement. You are the only attorney presently involved in prosecuting Chiquita claims that has made that choice, and that puts me and this firm in an untenable position.: (sic) first, because I think your choice places personal concerns over the best interests of our shared current clients because the solicitation of new cases will dilute the Chiquita resources available to compensate existing claimants; second, because as liaison counsel, I have an obligation to cooperate in and to carry out the consensus position of the Group as a whole.
>
> These concerns lead me to the conclusion that if you insist on maintaining your

---

in, with the goal of assisting as many victims as possible, but this seemed counterproductive to the other plaintiffs counsel in the MDL.  Wolf has discussed with Jack Scarola, of SDSBS, who appears to be the champion of this scheme, that Wolf's cases may be may be included in some kind of settlement but that Wolf intended to file more complaints or amend his previous ones, and that he was not interested in discouraging the generation of new cases, even by new attorneys. Wolf also insisted on maintaining his own identity in Colombia as his clients' attorney, an identity he has earned through years spent personally working with victims in the Uraba region.  These terms were not acceptable.  So the "Chiquita Group" has gone ahead with its class action scheme, and Wolf plans to have his cases remanded for separate proceedings at the earliest juncture.

[16] This would be a misleading statement, though.  Wolf intends to file more claims, and has more than 500 new cases that he has not yet filed.  Other attorneys not involved in the plaintiffs committee agreement may file new claims as well.  The ten year statute of limitations for violations of international law doesn't run until about March of 2017, and thousands of new claims will probably be filed by then.

[17] The implication is that not only these lawyers, but no lawyers will file any further claims, something about which the "Chiquita Group" has little control.  In fact, the "Chiquita Group" knows of at least one Colombian attorney trying to peddle his cases to them, and has discussed purchasing such cases.  There are still five more years before the statutes of limitations run, and the "Chiquita Group" can't promise much of anything until then.

current position and choose to actively pursue new clients on an individual basis, then we must disassociate this firm from those efforts by terminating our financial support of those efforts. By copy of this email I am informing our bookkeeping department to discontinue further payments to you.

35.    The MDL Agreement doesn't require any of the attorneys to notify their clients that the attorneys are contractually prohibited from filing their claims.  Clearly, none intend to do so.  Reasonable discovery will show whether Defendant agent Heli Abel has modified the language of its agreement to include such a disclaimer.  This agreement must be evaluated by bar counsel, taking into account that the chance of the Chiquita case being certified as a class action is so remote as to make "registration" in the class action a sham.  Moreover, Wolf does not want to be associated with Boies Schiller, after observing firsthand how Boies Schiller treats its clients and how angry they are.  They have no one to call, and no idea what's happening with their cases.

36.    SDSBS stopped paying Wolf his monthly stipend on Nov. 30, 2011, and has since maintained the position that no further payments under the Wolf-SDSBS agreement will be made until Wolf agrees to the class action scheme.

37.    The MDL Agreement seeks to create an illegal monopoly for legal services under the Sherman Act, 26 Stat. 209, as amended, 15 U.S.C. 1.  It is a formal and explicit agreement among competitors to agree to fix prices and division of attorneys fees, control marketing, and the provision of legal services for people with claims against Chiquita Brands.  The aim of this agreement - which is properly termed a cartel agreement - is to fix prices, create a monopoly for legal services, restrain trade of Wolf and other attorneys, and increase the individual members' profits by reducing competition.  This is the definition of an illegal cartel.  The Chiquita Group's claim that they are ethically obligated to prevent more plaintiffs from joining the case is insincere at best.  The

Group's realization of its purported ethical obligations spontaneously arose when it realized that the case could not be settled unless Chiquita and the Court believed that the MDL committee represented all potential plaintiffs.  This won't occur for another five years, when the statute of limitations runs.

38.     A material term of the MDL Agreement is that all parties to it would amend their complaints to include all existing cases, by a date certain.  Any claims not filed by then would be considered "registered" in the class.  Wolf did not amend his complaint with the others because he did not want to create the appearance that he had agreed to the overall class action scheme.  He also did not need to, since Judge Marra had granted leave to amend for those plaintiffs not pleading claims under Colombian law,[18] and Wolf's complaints all did plead Colombian law already.  Knowing that he did not agree, on July 18, 2012, Wolf's name was put on a Reply Brief, R-552 in 08-md-1916, to create the appearance before the Court that he did.  When Wolf objected and asked that this be corrected, Scarola stated that Wolf would have no more input into the litigation of the case.  However, Scarola has no power of representation over any of Wolf's cases, and even states that his firm has a conflict of interest with Wolf's clients.  Since then, Wolf has dealt directly with Chiquita's counsel, and prefers this arrangment as well.

### *Defendant's Refusal to Withdraw Duplicate Claims*

39.     Upon learning, on May 27, 2012, that Defendant intended to amend its complaint in SDFL, and that it still contained the duplicate claims for the Doe Plaintiffs, Wolf threatened Defendants with a lawsuit the same day.  Nevertheless, over Wolf's objections,

---

[18] It bears mentioning that the claims under Colombian law were not dismissed, and there is no pending motion to dismiss them.  The issues pending in the 11th Circuit, and two ATS cases currently pending in the U.S. Supreme Court, are not related.  Unless Judge Marra grants Defendant's pending Motion to Dismiss for <u>Forum Non Conveniens</u>, these claims, at least, will return to the D.C. District Court.

on Sept. 20, 2012, Defendants filed their Third Amended Complaint, R-558 in case number 10-cv-60573 (08-md-1916) in the SDFL, indicating their intention to continue representing these duplicate claims with the full knowledge that this lawsuit would result. By doing so, Defendant ratified all of its prior actions with knowledge, purpose and intent.

40.     In Defendants' Third Amended Complaint, as in prior complaints, Defendant published the names of plaintiffs, including those of the Doe Plaintiffs in the instant case, even though every judge to consider this issue, including Chief Judges Hogan and Lamberth, have permitted Plaintiffs to file and proceed under pseudonyms. The Defendant in these underlying cases, Chiquita Brands, hasn't even objected to the use of pseudonyms.  When asked for authorization to publish their names in the public record, only <u>two</u> in 98 gave her authorization.

41.     Plaintiffs' expectations of privacy are reasonable.   Every aspect of their application for benefits as a war crimes victim in Accion Social and the Comision de Justicia y Paz is highly confidential and potentially life threatening.  Every proceeding in the Colombian Commisson of Justice and Peace is a sealed proceeding.  They are never unsealed.[19]  Applications for benefits in Accion Social are also confidential.

42.     Individuals working with war crimes victims in Uraba have had their offices burglarized to obtain lists of victim names, and numerous activists working on a related case of AUC land appropriation in Uraba have been killed within the last few years.  The publication of their names of people whose relatives were assassinated because they

---

[19] It may become an issue whether Colombian authorities will cooperate in discovery of these materials, since they are considered so confidential.  They are most definitely not available outside of the discovery and letters rogatory processes.

appeared on a 'black list' of people to assassinate, is extremely offensive and proof enough of Defendant's utter contempt for the Plaintiffs.

43.     Defendants continue to falsely represent themselves to the Court as attorneys of the Doe Plaintiffs, not a single one of whom has ever even heard of Boies Schiller Flexner LLP.  Plaintiffs either deny signing any agreement, or say they were deceived about the nature of the forms they were asked to sign or about the relationship between Defendant's agents and Paul Wolf.  None of the Doe Plaintiffs ever wanted to change attorneys.  Defendant's solicitation occurred almost three years ago, and Plaintiffs have no other choice but to take legal action at this time.

44.     Saddest of all, the behavior described in this complaint appears to be commonplace in the world of mass tort litigation.  Lawyers for SDSBS and other plaintiffs counsel have asked Wolf not to file this action, for fear that it will cause embarrassment to Judge Marra and cause the entire case to be dismissed.  Wolf is confident, though, that the Court will not punish these poor widows and orphans for also being the victims of an unscrupulous law firm.  In fact, cleaning up what is surely the dirtiest corner of the legal profession, is a good cause in itself.

## II. JURISDICTION AND VENUE

45.     This court has federal question jurisdiction under 28 U.S.C. § 1331, pursuant to the Sherman and Clayton Acts, 15 U.S.C. §§ 1–7, 15 U.S.C. § 15.  The Clayton Act provides a civil remedy for the anti-trust violations encompassed by the Sherman Act.

46.     This Court also has diversity jurisdiction, pursuant to 28 U.S.C. § 1332 (a)(2).  Paul Wolf is a citizen and resident of Colorado, with a domicile at 350 Briggs St., Erie CO 80516.  Plaintiffs are all residents of Colombia.  Boies Schiller & Flexner LLP is a

Limited Liability Partnership with offices at 5301 Wisconsin Ave. NW, Washington, DC 20015, and in other states, not including Colorado or Colombia.  All Doe Plaintiffs are citizens and residents of Colombia.  Therefore, there is complete diversity between the parties.  The amount in controversy between each Plaintiff and the Defendants exceeds $75,000.

47.    The Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

48.    This Court has general personal jurisdiction over Defendant.  Defendant maintains a permanent office located at 5301 Wisconsin Ave. NW, Washington, DC 20015, from where it regularly does business in the District of Columbia.  Defendant continuously and systematically conduct its business, and solicits new business in the District of Columbia.

49.    The court also has specific personal jurisdiction over these claims, which arise from the prior lawsuits filed by these plaintiffs in the District of Columbia.  Defendant was aware that these individuals had already filed suits years before, represented by Paul Wolf, since at least June of 2011, when Wolf raised the issue with Defendant's employees, Lee Wolosky and Douglass Mitchell, at a meeting at a meeting of the plaintiffs' steering committee at the offices of Cohen Millstein Sellers & Toll, PLLC in Washington, D.C. on June 22, 2011.  Through the maintenance of a permanent office in the District, and its involvement in ongoing litigation in the District, the Defendant has purposefully availed itself of the District's jurisdiction.

50.    In addition, Plaintiffs invoke the supplemental jurisdiction of this Court with respect to claims based upon laws of the District of Columbia, or any other applicable

jurisdiction pursuant to 28 U.S.C. § 1367.  This case contains federal claims under the Sherman and Clayton Acts.  The case is also closely related to the four Federal actions listed supra in ¶ 7, and should be decided along with them, by the same court.  Those cases will be remanded from the Southern District of Florida to the District of Columbia once the common issues are decided in Florida, for trial in this Court.[20]

51.     For venue purposes, Defendant "resides" in the District of Columbia, is subject to personal jurisdiction in the District of Columbia, and has systematic and continuous contacts with the District of Columbia.  Therefore, venue lies pursuant to 28 U.S.C. §1391(b)(1), (c) and (d).

52.     Venue also properly lies in this Judicial District pursuant to 28 U.S.C. §1391(b)(2), (c) and (d).  The prior lawsuits against Chiquita Brands filed by Plaintiffs in the District of Columbia were substantial events giving rise to these claims.

### III.  PARTIES

#### Plaintiffs

53.     Paul Wolf is the attorney for the other Plaintiffs in this case.  He is a resident and domicile of Colorado, and is licensed to practice law in both Colorado and the District of Columbia.  Wolf has a visa to live and work in Colombia, but is not domiciled in Colombia.  Wolf filed the first complaint in what later became a multi district case, and on information and belief, represents the majority of individuals with viable claims against Chiquita Brands.  Wolf has spent several years of his life, since he filed the first complaint in this court, working in the Uraba region of Colombia.

---

[20] Plaintiffs have this right under Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).

54.     The term "Doe Plaintiffs" refers to all plaintiffs other than Paul Wolf, who are also plaintiffs in four other complaints against Chiquita Brands filed by Wolf.  The term "Plaintiffs" as used herein includes both the named plaintiffs, and the estates of the decedents on behalf of whom they've brought an action against Chiquita Brands.  This is consistent with how this term is used in the four complaints against Chiquita Brands.

55.     On September 14, 2012, Doe 1 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 1 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 1 has never heard of Boies Schiller Flexner LLP and has no idea who they are.   Doe 1 states that she signed the documents in the Ciudadela, but she doesn`t know the name of the person that took them.  Doe 1 states that she doesn`t  have a copy of this agreement. She states that it was never her intention to change attorneys.  Doe 1 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 1 has previously been identified as Doe 224 in case 1:10-cv-00404 (RJL).

56.     On August 30, 2012, Doe 2 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 2 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are. Doe 2 has never heard of Boies

Schiller Flexner LLP either, and has no idea who they are.    She states that it was never her intention to change attorneys.    Doe 2 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 2 has previously been identified as Doe 943 in case 1:10-cv-00404 (RJL).

57.    On September 6, 2012, Doe 3 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 3 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She stated that she never signed an agreement with Heli Abel Torrado y Asociados, and states that she does not know who they are.  Doe 3 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 3 states that she only gave her papers in the Ciudadela, but she didn`t remember had signed any agreement, and she says that she didn`t know their names. She states that it was never her intention to change attorneys.    Doe 3 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 3 has previously been identified as Doe 881 in case 1:10-cv-00404 (RJL).

58.    On September 12, 2012, Doe 4 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 4 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she doesn`t know if she signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are. Doe 4 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She says that she gave

the papers in the Ciudadela and she doesn`t know their names. She states that it was never her intention to change attorneys.   Doe 4 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 4 has previously been identified as Doe 719 in case 1:10-cv-00404 (RJL).

59.     On September 14, 2012, Doe 5 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 5 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 5 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 5 states that she signed it in front of Apartado`s stadium, but she doesn`t know the name of the person that gave her the documents. Doe 5 states that she has the copy of this agreement. She states that it was never her intention to change attorneys.   Doe 5 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 5 has previously been identified as Doe 56 in case 1:10-cv-00404 (RJL)

60.     On August 23, 2012, Doe 6 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 6 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. She stated that she signed an agreement with Heli Abel Torrado y Asociados, and knows who they are.  Doe 6 has never heard of Boies Schiller Flexner LLP, and has no idea who they are.  Doe 6 states that she signed this agreement in the office of  Barrio

Pueblo Nuevo in Apartado.  She says that she took the documents there to see which was faster between they and Asesorias Paul. But she says that there were many secretaries and she only left them. Doe 6 says that she doesn`t have the agreement with Heli Abel Torrado y Asociados.  She states that it was never her intention to change attorneys.  Doe 6 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 6 has previously been identified as Doe 155 in case 1:10-cv-00404 (RJL)

61.     On August 24, 2012, Doe 7 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 7 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she never signed an agreement with Heli Abel Torrado y Asociados, and she doesn't know who they are.  Doe 7 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys.  Doe 7 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 7 has previously been identified as Doe 344 in case 1:10-cv-00404 (RJL).

62.     Doe 8 has previously been identified as Doe 406 in case 1:10-cv-00404 (RJL)  On September 5,  2012, Doe 8 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 8 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she doesn`t remember signing an agreement with Heli Abel Torrado y Asociados, and

doesn't know who they are.  Doe 8 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She says that she did go to Accion Social to provide them with her documents, but she was not on time and they didn`t meet with her personally. She states that it was never her intention to change attorneys.  Doe 8 further states that she wishes to proceed anonymously in this action under a pseudonym.

63.     On October 2, 2012, Doe 9 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 9 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 9 states that she signed it in her own house, where Nelson Marin and Yolanda Marin gave her the documents.  Doe 9  states that she doesn`t have a copy of this agreement.  Doe 9 has never heard of Boies Schiller Flexner LLP, and has no idea who they are.  She states that it was never her  intention to change attorneys. Doe 9 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 9 has previously been identified as Doe 192 in case 1:10-cv-00404 (RJL)

64.     On September 19, 2012, Doe 10 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 10 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 9 has never heard of Boies

Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys.  Doe 10 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 10 has previously been identified as Doe 817 in case 1:10-cv-00404 (RJL).

65.     On September 7, 2012, Doe 11 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 11 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 11 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys.  Doe 11 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 11 has previously been identified as Doe 379 in case 1:10-cv-00404 (RJL).

66.     On September 7, 2012, Doe 12 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 12 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she doesn`t remember signing any agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 12 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that she gave her documents them to a small blond-haired girl, in the Ciudadela, but she says that she didn`t know her name.  She states that it was never her intention to change attorneys.

Doe 12 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 12 has previously been identified as Doe 84 in case 1:10-cv-00404 (RJL).

67.     On September 7, 2012, Doe 13 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 13 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 13 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 13 states that she signed the documents in the Ciudadela, but she didn`t remember the name of the person that took them. Doe 13 states that she doesn`t have a copy of this agreement. She states that it was never her intention to change attorneys. Doe 13 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 13 has previously been identified as Doe 239 in case 1:10-cv-00404 (RJL).

68.     On September 4, 2012, Doe 14 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 14 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but does not know who they are.   Doe 14 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 14 states that she signed this agreement in the office of Accion Social, but she doesn`t know the name of the person who took her

documents.   Doe 14 states she doesn`t have a copy of this agreement with Heli Abel Torrado y Asociados.  She states that it was never her intention to change attorneys.  Doe 14 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 14 has previously been identified as Doe 23 in case 1:10-cv-00404 (RJL).

69.     On September 27, 2012, Doe 15 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 15 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 15 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 15 states that she signed the contract in the Ciudadela, but she doesn`t know the name of the person there.  Doe 15 states that she doesn`t have the copy of this agreement.  She states that it was never her intention to change attorneys.   Doe 15 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 15 has previously been identified as Doe 123 in case 1:10-cv-00404 (RJL).

70.     On September 4, 2012, Doe 16 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 16 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but she does not know who they are.  Doe 16 states that she signed this agreement in the

office of Accion Social, but she doesn`t know the name of the person who gave her the documents.  Doe 16 doesn`t have a copy of this agreement.  Doe 16 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys.  Doe 16 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 16 has previously been identified as Doe 24 in case 1:10-cv-00404 (RJL).

71.    On September 5, 2012, Doe 17 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 17 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she doesn`t know if she signed any agreement with Heli Abel Torrado y Asociados, but she knows that she signed some documents about the process of  Chiquita Brands, which she signed in the Ciudadela in Apartado.  But she can`t remember the name of the person who took her documents.  She says that she doesn`t have a copy.  Doe 17 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 17 states that it was never her intention to change attorneys.  Doe 17 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 17 has previously been identified as Doe 174 in case 1:10-cv-00404 (RJL).

72.    On August 31, 2012, Doe 18 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 18 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her

name.   She states that she never signed an agreement with Heli Abel Torrado y Asociados, because she doesn`t know who they are.   Doe 18 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 18 states that she went to Acciòn Social, and met with someone named Walter, but she doesn`t know his last name.   She states that it was never her intention to change attorneys.   Doe 18 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 18 has previously been identified as Doe 985 in case 1:10-cv-00404 (RJL).

73.      On August 29, 2012, Doe 19 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 19 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She stated that she signed an agreement with Heli Abel Torrado y Asociados, but does not know who they are.   Doe 19 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 19 states that she signed this agreement in the Ciudadela.   She doesn`t know the name of the person who took her documents.   She says that Defendant's agents in the Ciudadela told her that Asesorias Paul had disappeared.   She states that it was never her intention to change attorneys.   Doe 19 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 19 has previously been identified as Doe 405 in case 1:10-cv-00404 (RJL).

74.      On September 5, 2012, Doe 20 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 20 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her

name.  He stated that he signed an agreement with Heli Abel Torrado y Asociados, but he says that he doesn`t know who they are.  Doe 20 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 20 states that she signed this agreement in Acciòn Social in Apartado.  But he says that she doesn`t know the name of the person that she met with.  And she says that he doesn`t have a copy.  Doe 20 states that it was never his intention to change attorneys.  Doe 20 further states that he wishes to proceed anonymously in this action under a pseudonym.  Doe 20 has previously been identified as Doe 258 in case 1:10-cv-00404 (RJL).

75.     On September 12, 2012, Doe 21 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 21 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she doesn't know if she signed an agreement with Heli Abel Torrado y Asociados, and she doesn`t know who they are.  Doe 21 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 21 states that she gave copies of her documents in the Ciudadela, but she doesn`t know the name of the person that took them. She states that it was never her intention to change attorneys. Doe 21 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 21 has previously been identified as Doe 130 in case 1:10-cv-00404 (RJL)

76.     On September 11, 2012, Doe 22 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 22 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita

Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 22 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 22 states that she signed the documents in the Acciòn Social, with a  blond girl, but she doesn`t know her name. Doe 22 states that she doesn`t have a copy of this agreement, because they didn`t give her a copy. She states that it was never her intention to change attorneys.   Doe 22 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 22 has previously been identified as Doe 263 in case 1:10-cv-00404 (RJL)

77.      On September 7, 2012, Doe 23 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 23 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but does not know who they are.  Doe 23 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 23 states that she signed this agreement in the Ciudadela of Apartado, but she says that doesn`t know the name of the girl,  who was small and blond girl.  She states that it was never her intention to change attorneys.  She says that she doesn`t have a copy of this agreement with Heli Abel Torrado y Asociados.  Doe 23 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 23 has previously been identified as Doe 755 in case 1:10-cv-00404 (RJL).

78.     On September 6, 2012, Doe 24 gave a sworn declaration before the notario of
Apartado, Estrella Paternina Mendoza. Doe 24 stated that she has a contract with
Asesorias Paul and believes she is represented in a legal proceeding against Chiquita
Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her
name.  She stated that he signed an agreement with Heli Abel Torrado y Asociados, but
she says that she doesn`t know who they are.  Doe 24 has never heard of Boies Schiller
Flexner LLP either, and has no idea who they are.  Doe 24 states that she signed this
agreement in the Ciudadela of Apartado, but was not given a copy of it.  She says that she
doesn`t know the name of the person that took her documents, but that she was a girl.
Defendant's agent told Doe 24 that she worked for Paul Wolf.  Doe 24 states that it was
never her intention to change attorneys, because they said that they were the same
Asesorias Paul. Doe 24 further states that his wishes to proceed anonymously in this
action under a pseudonym.  Doe 24 has previously been identified as Doe 331 in case
1:10-cv-00404 (RJL).

79.     On August 30, 2012, Doe 25 gave a sworn declaration before the notario of
Apartado, Estrella Paternina Mendoza. Doe 25 stated that she has a contract with
Asesorias Paul and believes she is represented in a legal proceeding against Chiquita
Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her
name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but
does not know who they are.  Doe 25 has never heard of Boies Schiller Flexner LLP
either, and has no idea who they are.  Doe 25 states that she signed this agreement in the
Ciudadela, with a thin, white girl, whose name was Viviana.  She says that she doesn`t
have a copy.  She states that it was never her intention to change attorneys.  Doe 25

further states that she wishes to proceed anonymously in this action under a pseudonym.
Doe 25 has previously been identified as Doe 386 in case 1:10-cv-00404 (RJL).

80.     On September 7, 2012, Doe 26 gave a sworn declaration before the notario of
Apartado, Estrella Paternina Mendoza. Doe 26 stated that she has a contract with
Asesorias Paul and believes she is represented in a legal proceeding against Chiquita
Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her
name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but
she doesn`t know who they are.  Doe 26 has never heard of Boies Schiller Flexner LLP
either, and has no idea who they are.  Doe 26 states that she signed it in Acciòn Social,
but she doesn`t know the name of the person who took her documents. Doe 26 states that
she has the copy, but she states that they didn`t signed. She states that it was never her
intention to change attorneys.     Doe 26 further states that she wishes to proceed
anonymously in this action under a pseudonym.  Doe 26 has previously been identified as
Doe 369 in case 1:10-cv-00404 (RJL).

81.     On August 31, 2012, Doe 27 gave a sworn declaration before the notario of
Apartado, Estrella Paternina Mendoza. Doe 27 stated that she has a contract with
Asesorias Paul and believes she is represented in a legal proceeding against Chiquita
Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her
name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but
she says that she doesn`t know who they are.   Doe 27 has never heard of Boies Schiller
Flexner LLP either, and has no idea who they are.   Doe 27 states that she signed this
agreement in the Ciudadela in Apartado.  But she says that she doesn`t know the name of
the person that she met with. She says that she doesn`t know or doesn`t remember if she

has a copy.  Doe 27 states that: "I asked [Defendant's agents working in Ciudadela] if Heli Abel was the same [as Paul] and they said yes."  Doe 27 states that it was never her intention to change attorneys.  Doe 27 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 27 has previously been identified as Doe 288 in case 1:10-cv-00404 (RJL).

82.     On September 5, 2012, Doe 28 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 28 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she doesn't know if she signed an agreement with Heli Abel Torrado y Asociados, because she signed many papers in the Ciudadela in Apartado. Doe 28 has never heard of Boies Schiller Flexner LLP, and has no idea who they are. Doe 28 states that she doesn`t have a copy.  She states that it was never her intention to change attorneys.  Doe 28 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 28 has previously been identified as Doe 111 in case 1:10-cv-00404 (RJL).

83.     On September 11, 2012, Doe 29 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 29 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 29 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 29 states that she signed documents in the

Ciudadela, but she doesn`t know the name of the person that she met with. Doe 29 States that she has a copy of this agreement. She states that it was never her intention to change attorneys.   Doe 29 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 29 has previously been identified as Doe 217 in case 1:10-cv-00404 (RJL).

84.     On September 11, 2012, Doe 30 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 30 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 30 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   She states that it was never her intention to change attorneys.   Doe 30 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 30 has previously been identified as Doe 869 in case 1:10-cv-00404 (RJL).

85.     On September 5, 2012, Doe 31 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 31 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She stated that she never signed an agreement with Heli Abel Torrado y Asociados, and she does not know who they are.   Doe 31 says that she gave her documents to Defendant's agents at the Ciudadela thinking they would be delivered to Paul Wolf.  Doe 31 has never heard of Boies Schiller Flexner LLP either, and has no idea

who they are.  She says that she did go to the office of Acciòn Social.  She states that it was never her intention to change attorneys.  Doe 31 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 31 has previously been identified as Doe 295 in case 1:10-cv-00404 (RJL).

86.    On September 6, 2012, Doe 32 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 32 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she doesn`t know if she signed an agreement with Heli Abel Torrado y Asociados, because she doesn`t know who they are.  Doe 32 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that she gave a lot of documents in the Ciudadela in Apartado, because Defendant's agents said that Asesorias Paul had disappeared.  She states that it was never her intention to change attorneys.   Doe 32 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 32 has previously been identified as Doe 728 in case 1:10-cv-00404 (RJL).

87.    On September 5, 2012, Doe 33 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 33 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed many papers in the Ciudadela in Apartado with Heli Abel Torrado y Asociados, but does not know who they are.  Defendant's agents in the Ciudadela led Doe 33 to believe they were collecting documents for Doe 33's case with

Paul Wolf and were working with him.  Doe 33 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Whatever she signed, she doesn`t have any copy.  She states that it was never her intention to change attorneys.  Doe 33 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 33 has previously been identified as Doe 92 in case 1:10-cv-00404 (RJL).

88.     On August 23, 2012, Doe 34 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 34 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she never signed an agreement with Heli Abel Torrado y Asociados, and she doesn`t know who they are.  Doe 34 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys.   Doe 34 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 34 has previously been identified as Doe 852 in case 1:10-cv-00404 (RJL).

89.     On August 23, 2012, Doe 35 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 35 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she didn`t sign an agreement with Heli Abel Torrado y Asociados, because she didn`t know who they are.  Doe 35 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys. Doe 35 further states that she wishes to proceed anonymously in this

action under a pseudonym.   Doe 35 has previously been identified as Doe 44 in case 1:10-cv-00404 (RJL).

90.     On August 31, 2012, Doe 36 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 36 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   He stated that he signed an agreement with Heli Abel Torrado y Asociados, but he does not know who they are.   Doe 36 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 36 states that he signed this agreement in the office of Accion Social, with Melba Burgos.   But he doesn`t have a copy.   He states that it was never his intention to change attorneys.   Doe 36 further states that he wishes to proceed anonymously in this action under a pseudonym.   Doe 36 has previously been identified as Doe 93 in case 1:10-cv-00404 (RJL).

91.     On September 17, 2012, Doe 37 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 37 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.   Doe 37 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 37 states that she signed it in the Ciudadela, but she doesn`t know the name of the person she met with.   Doe 37 states that she doesn`t have the copy of his agreement.   She states that it was never her intention to change attorneys.   Doe 37 further states that she wishes to proceed anonymously in this action

under a pseudonym.  Doe 37 has previously been identified as Doe 124 in case 1:10-cv-00404 (RJL).

92.     On August 24, 2012, Doe 38 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 38 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but she says that she doesn`t know who they are.  Defendant's agents told Doe 38 that they were "streamlining" the process in the Chiquita case, and that Paul Wolf had left and abandoned the case, and that Wolf's case had ended.  Doe 38 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 38 has previously been identified as Doe 298 in case 1:10-cv-00404 (RJL).

93.     On September 14, 2012, Doe 39 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 39 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 39 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 39 states that she signed documents in the Ciudadela, but she doesn`t know the name of the person who took them.  Doe 39 states that she doesn`t have a copy of this agreement. She states that it was never her intention to change attorneys.  Doe 39 further states that she wishes to proceed anonymously in this

action under a pseudonym.  Doe 39 has previously been identified as Doe 140 in case 1:10-cv-00404 (RJL).

94.     On August 31, 2012, Doe 40 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 40 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but does not know who they are.   Doe 40 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 40 states that she signed this agreement in the Ciudadela in Apartado, but she doesn`t know the name of the person that gave her the documents. She states that it was never her intention to change attorneys.  Doe 40 says that she only has an unsigned copy of this agreement with Heli Abel Torrado y Asociados.  Doe 40 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 40 has previously been identified as Doe 72 in case 1:10-cv-00404 (RJL).

95.     On September 20, 2012, Doe 41 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 41 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 41 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 41 states that she signed the documents in the Ciudadela, but she doesn`t know the person that took them. Doe 41 States that she

doesn`t have a copy of this agreement. She states that it was never her intention to change attorneys. Doe 41 further states that she wishes to proceed anonymously in this action under a pseudonym. Doe 41 has previously been identified as Doe 184 in case 1:10-cv-00404 (RJL).

96.     On September 4, 2012, Doe 42 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 42 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. He stated that he never signed an agreement with Heli Abel Torrado y Asociados, and that he doesn't know who they are. Doe 42 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are. He says that he was in the Ciudadela, but he never signed.  He states that it was never his intention to change attorneys. Doe 42 further states that his wishes to proceed anonymously in this action under a pseudonym. Doe 42 has previously been identified as Doe 329 in case 1:10-cv-00404 (RJL).

97.     On September 7, 2012, Doe 43 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 43 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she doesn`t know if she signed an agreement with Heli Abel Torrado y Asociados, and that she doesn't know who they are. Doe 43 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are. She says that she only took some papers to the Ciudadela, and gave them to someone named Ginna, but she didn`t know her last name. She states that it was never her intention to change attorneys.

Doe 43 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 43 has previously been identified as Doe 353 in case 1:10-cv-00404 (RJL).

98.    On September 7, 2012, Doe 44 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 44 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but that she didn`t know who they are.   Doe 44 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 44 states that she signed it in the Ciudadela in Apartadò, with a blond-haired and blue-eyed girl, but she says she doesn`t know her name.  Doe 44 states that she doesn`t have the copy of the agreement. She states that it was never her intention to change attorneys.   Doe 44 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 44 has previously been identified as Doe 819 in case 1:10-cv-00404 (RJL)

99.    On August 31, 2012, Doe 45 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 45 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but she says that she doesn`t know who they are.  Doe 45 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 45 states that she signed this agreement in the Ciudadela in Apartado.  She says that she went there because

Defendant's agents said that Paul's documents were all lost.  But she says that she doesn`t know the name of the person that took them.  Doe 45 states that it was never her intention to change attorneys. Doe 45 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 45 has previously been identified as Doe 171 in case 1:10-cv-00404 (RJL).

100.    On September 7, 2012, Doe 46 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 46 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 46 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She says that she gave her documents to someone, but she never signed anything.  She states that it was never her intention to change attorneys.  Doe 46 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 46 has previously been identified as Doe 297 in case 1:10-cv-00404 (RJL).

101.    On September 12, 2012, Doe 47 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 47 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 47 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never

her intention to change attorneys.   Doe 47 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 47 has previously been identified as Doe 368 in case 1:10-cv-00404 (RJL).

102.    On September 6, 2012, Doe 48 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 48 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 48 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 48 states that she signed it in the Ciudadela, with a blond girl, but she doesn`t know her name. Doe 48 states that she has a copy, but she doesn`t know if they have another.   She states that it was never her intention to change attorneys.  Doe 48 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 48 has previously been identified as Doe 837 in case 1:10-cv-00404 (RJL).

103.    On August 31, 2012, Doe 49 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 49 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 49 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 49 says that she signed it in Don Diego`s mall in the town of Turbo, but she doesn`t know the names of the people there.  Defendant's

agents at Don Diego's mall told Doe 49 that they worked for Paul Wolf.  They didn`t give her a copy of the agreement.  She states that it was never her intention to change attorneys.  Doe 49 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 49 has previously been identified as Doe 864 in case 1:10-cv-00404 (RJL).

104.    On August 29, 2012, Doe 50 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 50 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed never signed agreement with Heli Abel Torrado y Asociados, and that she didn`t know who they are.  Doe 50 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She says that she knows that he is another lawyer who has a case against against Chiquita Brands, but she didn`t sign the agreement.  Doe 50 states that she met the person in Mrs. Cristina`s house, who lives in Santafe La Playa, Turbo in that time. But she doesn`t know her last name. Defendant's agents told Doe 50 that Paul's case had been terminated and that Doe 50 would have to start all over again.   She states that it was never her intention to change attorneys.   Doe 50 states that she authorizes Paul Wolf to publish her personal information.  However, since no purpose would be served by doing so, she is still listed herein as Doe 50.  Doe 50 has previously been identified as Doe 832 in case 1:10-cv-00404 (RJL).

105.    On August 23, 2012, Doe 51 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 51 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita

Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. She stated that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn't know who they are. Doe 51 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are. She states that it was never her intention to change attorneys. Doe 51 further states that she wishes to proceed anonymously in this action under a pseudonym. Doe 51 has previously been identified as Doe 169 in case 1:10-cv-00404 (RJL).

106.   On September 13, 2012, Doe 52 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 52 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are. Doe 52 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are. She states that it was never her intention to change attorneys. Doe 52 further states that she wishes to proceed anonymously in this action under a pseudonym. Doe 52 has previously been identified as Doe 95 in case 1:10-cv-00404 (RJL)

107.   On September 6, 2012, Doe 53 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 53 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. He states that he signed an agreement with Heli Abel Torrado y Asociados, but that he doesn`t know who they are. Doe 53 has never heard of Boies Schiller Flexner

LLP either, and has no idea who they are.   Doe 53 states that he signed it in the Ciudadela, in Apartadò with a thin and blond girl, but he doesn`t know her name.   Doe 53 states that he doesn`t have a copy of the agreement. He states that it was never his intention to change attorneys.   According to Doe 53, "It was all a trick."   Doe 53 further states that he wishes to proceed anonymously in this action under a pseudonym.   Doe 53 has previously been identified as Doe 807 in case 1:10-cv-00404 (RJL).

108.     On September 12, 2012, Doe 54 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 54 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are. Doe 54 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 54 states that she signed it in the Ciudadela, but she doesn`t know the names of the people there.   Doe 54 states that she has a copy. She states that it was never her intention to change attorneys.   Doe 54 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 54 has previously been identified as Doe 99 in case 1:10-cv-00404 (RJL)

109.     On September 12, 2012, Doe 55 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.   Doe 55 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 55 has never heard of Boies

Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys.   Doe 55 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 55 has previously been identified as Doe 319 in case 1:10-cv-00404 (RJL).

110.    On September 4, 2012, Doe 56 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 56 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but she does not know who they are.   Doe 56 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 56 states that she signed this agreement in the Ciudadela in Apartado.  Doe 56 went to Ciudadela because she thought it was Paul's case, then heard that Paul had left and had abandoned the case.  Doe 56 says she was lied to in order to get her to sign the Heli Abel contract.  She states that she doesn`t know the name of the person who took her documents because there were many people there.  She states was never her intention to change attorneys.  Doe 56 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 56 has previously been identified as Doe 96 in case 1:10-cv-00404 (RJL).

111.    On September 6, 2012, Doe 57 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 57 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but

that she doesn`t know who they are.   Doe 57 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 57 states that she signed it in Acciòn Social`s office in Barrio Ortiz in Apartadò, near the Los Ibañez supermarket. She says that she signed with Don Ivan [sic], but she didn`t know his last name. Doe 57 states that she doesn`t have the copy, because Mr. Ivan has them. She states that it was never her intention to change attorneys.   Doe 57 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 57 has previously been identified as Doe 782 in case 1:10-cv-00404 (RJL).

112.   On September 14, 2012, Doe 58 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.   Doe 58 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.   Doe 58 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 58 states that she signed it in the Ciudadela, but she doesn`t know their names. Doe 58 states that she has the copy of this agreement. She states that it was never her intention to change attorneys.   Doe 58 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 58 has previously been identified as Doe 78 in case 1:10-cv-00404 (RJL).

113.   On September 6, 2012, Doe 59 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.   Doe 59 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her

name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but does not know who they are.   Doe 59 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 59 states that she signed this agreement in the office of Accion Social, but she doesn`t know the name of the person who gave her the papers.  She states that it was never her intention to change attorneys.  Doe 59 states that she has no idea who are Heli Abel Torrado y Asociados, or Boies Schiller Flexner LLP, and that she doesn`t have a copy of any agreement with Heli Abel Torrado y Asociados. Doe 59 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 59 has previously been identified as Doe 3 in case 1:10-cv-00404 (RJL).

114.   On August 22, 2012, Doe 60 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 60 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she has not signed any agreement with Heli Abel Torrado y Asociados, and that she doesn't know who they are.  Doe 60 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 60 states that it was never her intention to change attorneys.  Doe 60 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 60 has previously been identified as Doe 150 in case 1:10-cv-00404 (RJL).

115.   On August 316, 2012, Doe 61 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 61 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita

Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. She states that doesn't know who Heli Abel Torrado y Asociados are. Doe 61 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are. Doe 61 states that she gave her documents to someone at Acciòn Social, a brunette girl, but she doesn`t know her name. Doe 61 states that it was never her intention to change attorneys. Doe 61 further states that she wishes to proceed anonymously in this action under a pseudonym. Doe 61 has previously been identified as Doe 893 in case 1:10-cv-00404 (RJL).

116.    On September 18, 2012, Doe 62 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 62 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are. Doe 62 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are. Doe 62 states that she signed the documents in the Ciudadela, but she doesn`t know the name of the person that took them. Doe 62 states that she has a copy of this agreement. Doe 62 states that she asked Defendant's agents if they were the same as Paul, and they replied in the affirmative. She states that it was never her intention to change attorneys. Doe 62 further states that she wishes to proceed anonymously in this action under a pseudonym. Doe 62 has previously been identified as Doe 158 in case 1:10-cv-00404 (RJL).

117.    On August 31, 2012, Doe 63 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 63 stated that she has a contract with

Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but does not know who they are.   Doe 63 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 63 states that she signed this agreement in the office of Accion Social, with Jhon Ivan Polo.  She states that it was never her intention to change attorneys. She states that Mr. Polo never mentioned Heli Abel Torrado y Asociados, or Boies Schiller Flexner LLP, because she didn`t know who was representing her, and only has an unsigned copy of this agreement with Heli Abel Torrado y Asociados.  Doe 63 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 63 has previously been identified as Doe 66 in case 1:10-cv-00404 (RJL)

118.    On September 14, 2012, Doe 64 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 64 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 64 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 64 states that she signed the documents in the Ciudadela, but she doesn`t know the name of the person that took them. Doe 64 states that she doesn`t have a copy of this agreement. She states that it was never her intention to change attorneys.  Doe 64 further states that she wishes to proceed anonymously in this

action under a pseudonym.   Doe 64 has previously been identified as Doe 251 in case 1:10-cv-00404 (RJL).

119.    On September 7, 2012, Doe 65 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.   Doe 65 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   He states that he never signed an agreement with Heli Abel Torrado y Asociados, and he doesn`t know who they are.   Doe 65 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   He states that it was never his intention to change attorneys.   Doe 65 further states that he wishes to proceed anonymously in this action under a pseudonym.   Doe 65 has previously been identified as Doe 323 in case 1:10-cv-00404 (RJL).

120.    On September 7, 2012, Doe 66 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 66 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She stated that she signed an agreement with Heli Abel Torrado y Asociados, but she didn`t know who they were.   Doe 66 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   She says that she signed it in the Ciudadela, with a small, blond girl, but she doesn`t know her name. And she doesn`t have a copy. She states that it was never her intention to change attorneys.   Doe 66 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 66 has previously been identified as Doe 376 in case 1:10-cv-00404 (RJL).

121.    On September 3, 2012, Doe 67 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 67 stated that she has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn't know who they are.   Doe 67 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 67 says that she has a form that they gave her in the Acciòn Social`s office.  She states that it was never her intention to change attorneys. Doe 67 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 67 has previously been identified as Doe 253 in case 1:10-cv-00404 (RJL).

122.    On September 3, 2012, Doe 68 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 68 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  He stated that he signed an agreement with Heli Abel Torrado y Asociados, but he does not know who they are.  Doe 68 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 68 states that he signed this agreement in the Ciudadela in Apartado.  But he doesn`t know the name of the girl who took the contract. Doe 68 says that he only has an unsigned copy of this agreement with Heli Abel Torrado y Asociados.  He states that it was never his intention to change attorneys.  Doe 68 further states that he wishes to proceed anonymously in this action under a pseudonym. Doe 68 has previously been identified as Doe 137 in case 1:10-cv-00404 (RJL).

123.   On August 30, 2012, Doe 69 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 69 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  He stated that he didn`t sign an agreement with Heli Abel Torrado y Asociados, and that he doesn't know who they are.   Doe 69 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  He states that it was never his intention to change attorneys.   Doe 69 further states that he wishes to proceed anonymously in this action under a pseudonym.  Doe 69 has previously been identified as Doe 161 in case 1:10-cv-00404 (RJL).

124.   On September 6, 2012, Doe 70 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 70 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but does not know who they are.  Doe 70 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   She says that she signed it in the Ciudadela Educativa near the children's park in Apartadò.  She doesn`t know the woman's name that she met with.  She says that she was a small and white woman who took her documents.  But she doesn`t  have a copy.  She states that it was never her intention to change attorneys.   Doe 70 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 70 has previously been identified as Doe 862 in case 1:10-cv-00404 (RJL)

125.    On August 30, 2012, Doe 71 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 71 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.   Doe 71 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   She states that it was never her intention to change attorneys.   Doe 71 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 71 has previously been identified as Doe 912 in case 1:10-cv-00404 (RJL).

126.    On September 13, 2012, Doe 72 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 72 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.   Doe 72 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   Doe 72 states that she signed the documents in the Ciudadela, but she doesn`t know the name of the person that took them. Doe 72 states that she doesn`t have a copy of this agreement.   She states that it was never her intention to change attorneys.   Doe 72 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 72 has previously been identified as Doe 213 in case 1:10-cv-00404 (RJL)

127.    On August 29, 2012, Doe 73 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 73 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  She says that she knows that he is another lawyer who has a case against Chiquita Brands, but she didn`t sign the agreement.  Doe 73 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 73 states that she met with Defendant's agents in Mrs. Cristina`s house, who lived in Santafe La Playa, Turbo in that time.   Doe 73 says she doesn`t know Cristina's last name. Defendant's agents told Doe 73 that Paul's case had ended and that she would have to start all over again.  She states that it was never her intention to change attorneys.  Doe 73 states that she authorizes the Court to publish her personal information.  However, since no purpose would be served by doing so, she is still listed herein as Doe 73.  Doe 73 has previously been identified as Doe 834 in case 1:10-cv-00404 (RJL)

128.    Doe 74 has previously been identified as Doe 290 in case 1:10-cv-00404 (RJL). On September 4, 2012, Doe 74 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 74 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but he says that she doesn`t know who they are.   Doe 74 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 74 states that she signed this agreement in the

Ciudadela in Apartado.  But she says that she doesn`t know the name of the person that took them. And she said that she has a copy. Doe 74 states that it was never her intention to change attorneys.  Doe 74 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 74 has previously been identified as Doe 290 in case 1:10-cv-00404 (RJL).

129.    On September 3, 2012, Doe 75 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 75 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 75 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys.   Doe 75 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 75 has previously been identified as Doe 412 in case 1:10-cv-00404 (RJL).

130.    On September 13, 2012, Doe 76 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 76 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  He states that he doesn`t know if he signed an agreement with Heli Abel Torrado y Asociados, and that he doesn`t know who they are.  Doe 76 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  He says that he went to the Ciudadela to gave the documents.  Doe 76 states that it was never his intention to change

attorneys.  Doe 76 further states that he wishes to proceed anonymously in this action under a pseudonym.  Doe 76 has previously been identified as Doe 332 in case 1:10-cv-00404 (RJL).

131.   On September 6, 2012, Doe 77 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 77 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 77 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys. Doe 77 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 77 has previously been identified as Doe 933 in case 1:10-cv-00404 (RJL).

132.   On September 7, 2012, Doe 78 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 78 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  He states that he signed an agreement with Heli Abel Torrado y Asociados, but that he doesn`t know who they are.  Doe 78 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 78 states that he signed it in the Ciudadela, with a small, blond girl, but he doesn`t know her name.  Doe 78 states that he doesn`t have a copy of this agreement.  He states that it was never his intention to change attorneys.   Doe 78 further states that he wishes to proceed anonymously in this action

under a pseudonym.  Doe 78 was previously been identified as Doe 953 in case 1:10-cv-00404 (RJL).

133.    On August 22, 2012, Doe 79 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 79 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  He states that he never signed an agreement with Heli Abel Torrado y Asociados and that he does not know who they are.   Doe 79 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 79 further states that he wishes to proceed anonymously in this action under a pseudonym.   Doe 79 has previously been identified as Doe 21 in case 1:07-cv-01048 (RJL)

134.    On September  3, 2012, Doe 80 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.   Doe 80 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados. Doe 80 has never heard of Boies Schiller Flexner LLP, and has no idea who they are. Doe 80 states that she signed this agreement in the office of Accion Social, but she doesn`t know the name of the person that gave her the documents.  She states that it was never her intention to change attorneys.   Doe 80 says that she has a copy of her contract with Heli Abel Torrado y Asociados, and that she has no idea who are Boies Schiller Flexner LLP.    Doe 80 further states that she wishes to proceed anonymously in this

action under a pseudonym.   Doe 80 has previously been identified as Doe 49 in case 1:07-cv-01048 (RJL).

135.    On September 7, 2012, Doe 81 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 81 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she doesn`t remember having signed any agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 81 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys.   Doe 81 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 81 has previously been identified as Doe 100 in case 1:07-cv-01048 (RJL).

136.    On August 30, 2012, Doe 82 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 82 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados. Doe 82 states that she signed this agreement in the office of Accion Social, but she doesn`t know the secretary`s name.  Doe 17 has never heard of Boies Schiller Flexner LLP, and has no idea who they are.  She states that it was never her intention to change attorneys.  Doe 82 says that she only has an unsigned copy of this agreement with Heli Abel Torrado y Asociados.   Doe 82 further states that she wishes to proceed

anonymously in this action under a pseudonym.  Doe 82 has previously been identified as Doe 48 in case 1:07-cv-01048 (RJL).

137.    On September 20, 2012, Doe 83 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 83 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She states that she signed an agreement with Heli Abel Torrado y Asociados, but she doesn`t know who they are.  Doe 83 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 83 states that she signed it in the Ciudadela, but she doesn`t know the names of the people there.  She says that she has the copy of this agreement. Doe 83 states that it was never her intention to change attorneys.   Doe 83 further states that she wishes to proceed anonymously in this action under a pseudonym. Doe 83 has previously been identified as Doe 130 in case 1:07-cv-01048 (RJL).

138.    On September 19, 2012, Doe 84 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  Doe 84 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.  Doe 84 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  She states that it was never her intention to change attorneys. Additionally, Defendants have wrongfully changed the details of Doe 84's case in order to bolster it.  Doe 84 was killed by the FARC on February 27, 1997 in the infamous bombing of the "Pescador" restaurant.  This was a

well-known massacre of numerous individuals.  Defendant presented false and fraudulent information to the court, with regard to the date of the incident and the group responsible for it, in order to fit the claim into the 1997-2004 time frame for payments to the AUC, which were admitted by Chiquita Brands. These are the criteria used by Defendants to select cases. Doe 84's documents show that the original information presented in court by Paul Wolf was correct, and she had no knowledge any any other lawyer even filed a claim for her.  Doe 84 further states that she wishes to proceed anonymously in this action under a pseudonym.  Doe 84 has previously been identified as Doe 10 in case 1:11-cv-00583 (RJL).

139.    On September 20, 2012, Doe 85 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 85 stated that he has a contract with Asesorias Paul and believes he is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  He states that he signed an agreement with Heli Abel Torrado y Asociados, but that he doesn`t know who they are.  Doe 85 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 85 states that he signed it in the Ciudadela, but he doesn`t know their names.  Doe 85 states that he has a copy of this agreement.  He states that it was never his intention to change attorneys.   Doe 85 further states that he wishes to proceed anonymously in this action under a pseudonym.  Doe 85 has previously been identified as Doe 253 in case 1:11-cv-00583 (RJL).

140.    On September 6, 2012, Doe 86 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 86 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita

Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. She states that she never signed an agreement with Heli Abel Torrado y Asociados, and doesn't know who they are. Doe 86 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are. She states that it was never her intention to change attorneys. Doe 86 further states that she wishes to proceed anonymously in this action under a pseudonym. Doe 86 has previously been identified as Doe 43 in case 1:11-cv-00582 (RJL).

141. On September 6, 2012, Doe 87 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 87 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name. She stated that she signed an agreement with Heli Abel Torrado y Asociados, but says that she doesn`t know who they are. Doe 87 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are. Doe 87 states that she signed this agreement in la Acciòn Social in Apartado. But she says that she doesn`t know the name of the person that took them. Doe 87 states that it was never her intention to change attorneys. Doe 87 further states that she wishes to proceed anonymously in this action under a pseudonym. Doe 87 has previously been identified as Doe 278 in case 1:11-cv-00582 (RJL).

142. On August 31, 2012, Doe 88 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 88 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her

name.   She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.   Doe 88 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   She states that it was never her intention to change attorneys.    Doe 88 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 88 has previously been identified as Doe 70 in case 1:11-cv-00582 (RJL)

143.    On August 22, 2012, Doe 89 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.   Doe 89 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul.   She never signed an agreement with Heli Abel Torrado y Asociados, and she doesn't know who they are.   She said that her mistake was that she gave her documents to her son and he gave the documents to someone in the Ciudadela in apartado. Doe 89 further states that she wishes to proceed anonymously in this action under a pseudonym.   Doe 88 has previously been identified as Doe 21 in case 1:07-cv-01048 (RJL).

144.    On or about October of 2012, Doe 90 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.   As of the time of this writing, the details of this declaration are unknown.   On information and belief, her statement will be similar to the other allegations made in this case.   Doe 90 has previously been identified as Doe 569 in case 1:10-cv-00404 (RJL).

145.    On or about October of 2012, Doe 91 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.   As of the time of this writing, the details of this declaration are unknown.   On information and belief, her statement will be similar to

the other allegations made in this case.  Doe 91 has previously been identified as Doe 59 in case 1:07-cv-01048 (RJL).

146.    On or about October of 2012, Doe 92 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  As of the time of this writing, the details of this declaration are unknown.  On information and belief, her statement will be similar to the other allegations made in this case.  Doe 92 has previously been identified as Doe 378 in case 1:10-cv-00404 (RJL).

147.    On or about October of 2012, Doe 93 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza.  As of the time of this writing, the details of this declaration are unknown.  On information and belief, her statement will be similar to the other allegations made in this case.  Doe 93 has previously been identified as Doe 867 in case 1:10-cv-00404 (RJL).

148.    For the Doe Plaintiffs listed in ¶¶ 149-153 below, Wolf had signed retainer agreements with the Plaintiffs before Defendant, but never filed the claims, since he had incomplete details for the cases.  Nevertheless, these Plaintiffs want Paul Wolf to continue representing them and for Defendant to withdraw their claims.

149.    On August 23, 2012, Doe 94 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 94 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados. Doe 94 has never heard of Boies Schiller Flexner LLP, and has no idea who they are. Doe 94 states that she signed this agreement in the office of Barrio Pueblo Nuevo in

Apartado.  She says that she took the documents there to see which was faster between Heli Abel and Asesorias Paul.  She did not know this would result in a duplicate claim being filed.  Defendant's agents told Doe 94 that they could process her claim faster than Asesorias Paul.  She says that there were many secretaries and she only left them.  Doe 94 says that she doesn`t have a copy of the agreement with Heli Abel Torrado y Asociados.  She states that it was never her intention to change attorneys.  Doe 94 further states that she wishes to proceed anonymously in this action under a pseudonym.

150.    On August 22, 2012, Doe 95 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 95 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but she says that she doesn`t know who they are.  Doe 95 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 95 states that she signed this agreement in an office in el Barrio Otiz, Apartado.  The office of Accion Social is in Barrio Ortiz.  She says that she doesn`t know the name of the person that took them, only that she was a blond girl. Doe 95 states that it was never her intention to change attorneys.  Doe 95 further states that she wishes to proceed anonymously in this action under a pseudonym.

151.    On August 23, 2012, Doe 96 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 96 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her

name.   She stated that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn't know who they are.   Doe 96 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 96 says that she has a form that they gave her in the Acciòn Social office.   She states that it was never her intention to change attorneys.   Doe 96 further states that she wishes to proceed anonymously in this action under a pseudonym.

152.   On August 30, 2012, Doe 97 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 97 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.   She states that she never signed an agreement with Heli Abel Torrado y Asociados, and that she doesn`t know who they are.   Doe 97 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.   She states that it was never her intention to change attorneys.    Doe 97 further states that she wishes to proceed anonymously in this action under a pseudonym.

153.   On September 3, 2012, Doe 98 gave a sworn declaration before the notario of Apartado, Estrella Paternina Mendoza. Doe 98 stated that she has a contract with Asesorias Paul and believes she is represented in a legal proceeding against Chiquita Brands by Asesorias Paul and has no knowledge of anyone else filing a lawsuit in her name.  She stated that she signed an agreement with Heli Abel Torrado y Asociados, but says that she doesn`t know who they are.   Doe 98 has never heard of Boies Schiller Flexner LLP either, and has no idea who they are.  Doe 98 states that she signed this agreement in la Acciòn Social in Apartado.  But she says that she doesn`t know the name

of the person she met with.  She said that she doesn`t have a copy, because they never gave her anything. Doe 98 states that it was never her intention to change attorneys.  Doe 93 further states that Doe 98 she wishes to proceed anonymously in this action under a pseudonym.

### Defendants

154.    Boies Schiller & Flexner LLP is a Limited liability Partnership with offices at 5301 Wisconsin Ave. NW, Washington, DC 20015, and in other states, not including Colorado or Colombia.

155.    Doe Defendants are other attorneys and law firms involved in the Chiquita litigation who are either vicariously or otherwise liable for the conduct alleged herein. Reasonable discovery and the rulings of this Court should determine the extent of this liability.

### IV.  CAUSES OF ACTION

156.    Plaintiffs' causes of action arise from the following laws and rules:

(a)    Statutes and common law of the District of Columbia, Florida, Ohio, New Tork, the Republic of Colombia, or any other applicable jurisdiction;

(b)    The Sherman Act, 15 U.S.C. §§ 1–7;

(c)    The Clayton Act, 15 U.S.C. § 15;

(d)    The Foreign Corrupt Practices Act of 1977, 15 U.S.C. §§ 78dd-1, et seq.;

(e)    Rule 11 of the Federal Rules of Civil Procedure;

(f)    The New York Rules of Professional Conduct;

    (g)    The rules of professional responsibility for lawyers in Colombia, called the Código Disciplinario del Abogado (lawyer's disciplinary code), Ley 1123, Diario Oficial No. 46.519, of January 22, 2007.

157.   With respect to all of the causes of action described below, the harm to Plaintiff was caused by the acts or omissions of Defendants.

158.   In committing the conduct alleged herein, the persons who defrauded or otherwise harmed Plaintiffs were acting under the supervision of Defendant and/or as Defendant's agents, and/or were acting within the course and scope of the duties for which they were retained with the advance knowledge, acquiescence and/or subsequent ratification of Defendant.  Defendant was on notice of the tortious nature of its prior conduct when it refiled these claims on September 20, 2012.

159.   Defendants aided and abetted in any fraud or other harms committed by Heli Abel and/or Jhon Ivan Polo or his agents, by providing substantial assistance in the form of money, encouragement, and assurances of impunity and/or indemnification, knowing and intending that the tortious conduct alleged herein would likely occur.

160.   Defendants agreed and conspired with Heli Abel, Jhon Ivan Polo, and other attorneys in the US and Colombia, to commit the wrongful acts alleged herein, as evidenced by Defendant's acts and omissions, and Defendant's subsequent ratification of the conduct alleged herein, by refiling the claims on September 20, 2012.  Defendant's overt acts in furtherance of the conspiracy include its complaints in Florida District Court, additional agreements made with other plaintiffs counsel in the MDL, and whatever compensation it provided to the Colombian attorneys and government employees.  Defendant, along with co-conspirators Heli Abel, and Jhon Ivan Polo and

others, engaged in a civil conspiracy to defraud and harm Plaintiffs, commit malpractice, interfere with Plaintiffs contractual relations, and violate the Foreign Corrupt Practice Act,  as outlined infra.

161.    As lawyers, Defendants are vicariously liable for the acts and omissions of Heli Abel, Jhon Ivan Polo and his assistants, and anyone else who worked on their case against Chiquita.  Discovery may show that other partners at Boies Schiller Flexner LLP may be vicariously liable as well.

### First Cause of Action

### Fraud, By All Doe Plaintiffs

162.    Plaintiffs incorporate by reference all of the preceding paragraphs as if set forth herein.

163.    As described supra, thirty four of the Plaintiffs deny ever signing any agreement with Heli Abel, let alone Boies Schiller Flexner LLP.  Plaintiffs who deny ever signing any agreement with Heli Abel include: Doe 2, Doe 3, Doe 7, Doe 8, Doe 10, Doe 11, Doe 12, Doe 18, Doe 21, Doe 30, Doe 31, Doe 34, Doe 35, Doe 42, Doe 43, Doe 46, Doe 47, Doe 50, Doe 51, Doe 52, Doe 55, Doe 65, Doe 67, Doe 69, Doe 71, Doe 75, Doe 77, Doe 79, Doe 81, Doe 84, Doe 86, Doe 88, Doe 96, and Doe 97.

164.    Other Plaintiffs were misled about the nature of the documents they were asked to sign.  Defendants and their agents deliberately misrepresented the nature of these documents.  Many of the Plaintiffs were in the office of a Colombian government agency applying for benefits for war crime victims.  They were told that the documents were additional paperwork required for the case against Chiquita that they had already filed with Paul Wolf.  Many of the Plaintiffs in this case are unable to read.  The fifteen

Plaintiffs defrauded in the office of Accion Social, include Doe 8; Doe 18; Doe 20; Doe 22; Doe 26; Doe 31; Doe 36; Doe 59; Doe 61; Doe 63; Doe 67; Doe 80; Doe 82; Doe 87; and Doe 98.

165.    Forty-two Plaintiffs were solicited in the municipal office building of the town of Apartado, called the Ciudadela.  Plaintiffs do not know whether the use of this space was improper, since the Ciudadela makes some meeting rooms available for public use. These Plaintiffs were told that they were working on the same case as Wolf and could also send their paperwork to the Court.  Not one single Plaintiff in this action thought they were giving power of representation to a different group of attorneys.  The forty-two Plaintiffs defrauded in the Ciudadela include Doe 1; Doe 3; Doe 4; Doe 12; Doe 13; Doe 15; Doe 17; Doe 19; Doe 21, Doe 23, Doe 24; Doe 25; Doe 27; Doe 28, Doe 29; Doe 32; Doe 33; Doe 37; Doe 39; Doe 40; Doe 41; Doe 42; Doe 43; Doe 44; Doe 45; Doe 48; Doe 53; Doe 54; Doe 56; Doe 58; Doe 62; Doe 64; Doe 66; Doe 68; Doe 70; Doe 72; Doe 74; Doe 76; Doe 78; Doe 83; Doe 85; and Doe 88.

166.    The misrepresentations include both false statements of Defendants' agents to Plaintiffs in Colombia, and Defendants' false statements to the Court, in which they hold themmselves out as Plaintiffs' attorneys, knowing full well that they are not.

167.    Defendant's agents knew they had no relationship with Paul Wolf - they were in the same small town and had never even met him, and never made any attempt to do so. Defendants and their agents also knew that Plaintiffs were ignorant of the falsity of their claims.   These issues were brought to the attention of Lee Wolosky and Douglass Mitchell of Boies Schiller on June 22, 2011, described in detail in a series of emails on July 11, 2011, and again in an email on May 27, 2012 threatening suit if Boies Schiller

continued to press these claims.  On September 20, 2012, Boies Schiller re-filed these claims in its Third Amended Complaint, ratifying all that had transpired before with the full knowledge of all of the circumstances described herein.

168.   Defendants know, or should know, that they do not have valid power of representation for the Plaintiffs in this action.  Many of the Plaintiffs in this action claim never to have signed any agreements with Defendants' agents.

169.   The Plaintiffs who relied on these representations and signed the agreements were reasonable in doing so.  Some of the fraudulent conduct occured inside the office of a Colombian government agency charged with providing assistance to Colombian war victims.  Plaintiffs believed they were dealing with employees of the Colombian government and signed the forms they were asked to sign.  For the others, the misrepresentations occurred in the municipal office building of Apartado, which is also cloaked in governmental authority.  Plaintiffs were damaged by having a hostile law firm, which does not represent them, holding themselves out as their attorneys, publishing their names, and in some cases false information about their cases.  Defendants' behavior was malicious and evil, and justifies an award of punitive damages.  Defendants have compromised the legal positions of these Plaintiffs.

170.   Defendants knew they were filing duplicate claims for the Doe Plaintiffs and intended to present them to the Court as if they were new claims.  The Court is also a victim of Defendants' fraud.

## Second Cause of Action

### Tortious Interference with Contractual Relations, by All Plantiffs

171.    Plaintiffs incorporate by reference all of the preceding paragraphs as if set forth herein.

172.    Every Doe Plaintiff in this action has a written agreement with Wolf.  Wolf also has written agreements with the other legal heirs associated with these cases.  Every single one of these agreements pre-dates any contact Boies Schiller may have had with the Doe Plaintiffs.

173.    Jhon Ivan Polo and his assistants were aware of this contractual relationship. When it was brought to Boies Schiller's attention, numerous times and in public, Boies Schiller ratified its agents' actions by filing amended complaints for these individuals, even after being threatened with suit by Wolf.  Boies Schiller made no attempt to investigate these circumstances and continues to press its claims, knowing they are fraudulent.

174.    Jhon Ivan Polo's tactic of confusing the process of applying for government benefits, with suing Chiquita Brands, was intended to induce Plaintiffs to breach their contract with Wolf by filing duplicate claims.  The misrepresentations by Defendant's other agents were also intended to induce Plaintiffs to breach their agreements with Wolf. Boies Schiller's continued representation of these individuals is also intended to cause the Doe Plaintiffs to breach their agreement with Wolf in the same way.  Boies Schiller has no privilege to represent persons with whom it has no contractual relationship, and who did not even know about this were until advised by Paul Wolf.  Filing the duplicate

claims breached Doe Plaintiffs' contracts with Wolf, and the breach was directly and proximately caused by Boies Schiller.

175.    The Doe Plaintiffs and Wolf have been damaged, as have all plaintiffs in the Multi District Litigation against Chiquita Brands.  These damages should at least equal the value of Plaintiffs claims.  Damages include the cost and difficulty of this litigation, the mental distress and physical threat caused by having their names published as AUC victims, having to go to court once already to give depositions (this has already occurred), any damage which may occur to their cases or recoveries,[21] and from Wolf's perspective, damage to the case as a whole.  Thousands of people in the Uraba region now have to worry about unethical law firms filing claims in their name, and many of Wolf's other clients are confused about the nature of the relationship between the Chiquita case and Accion Social.  Malice and an evil intent are a central feature of this case; therefore, punitive damages are also justified.

### Third Cause of Action

### Malpractice, by all Doe Plaintiffs

176.    Plaintiffs incorporate by reference all of the preceding paragraphs as if set forth herein.

177.    The allegations of fraud and dishonesty described supra also constitute a claim for legal malpractice.  Although no attorney-client relationship ever existed between Boies Schiller Flexner LLP and the Doe Plaintiffs, none is required in cases of fraud.  Even with no real attorney-client relationship, Defendant owes a duty of care to people it

---

[21] Although malpractice damages are impossible to calculate at this time, since Plaintiffs have not yet lost their cases, these damages must be pled now due to statutes of limitations issues.  There are continuing damages since Defendants continue to hold themselves out as Doe Plaintiffs' attorneys.

purports to represent in court.  This duty was breached by Boies Schiller when it filed claims for these individuals, knowing it had no power of representation, and that the claims had already been filed by another lawyer.  Defendants filed their Third Amended Complaint after being advised of the acts alleged herein, and had been threatened with a lawsuit, yet re-filed the claims anyway.  No reasonable attorney would do this.  This is not the standard of care in the legal profession in the United States.  But for the three complaints filed by Boies Schiller Flexner LLP, the Doe Plaintiffs would not be suing Chiquita Brands twice, and in some cases, on the basis of wrong information included in Defendants' complaints.

178.    Defendant also had numerous ethical duties imposed by the New York Bar Association, the breach of which constitute legal malpractice.  The New York rules, called the New York Rules of Professional Conduct, parallel the Model Rules for Professional Responsibility, and are numbered the same.

179.    Defendant breached Rule 8.4(a)(3), which states that an attorney cannot commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer.  Defendant's alleged bribery of Jhon Ivan Polo through the intermediary of Heli Abel violates the Foreign Corrupt Practices Act.

180.    Defendant breached Rule 8.4(a)(4), which prohibits and attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.  The conduct described throughout this complaint is fraudulent and dishonest.

181.    Similarly, Rule 3.3 prohibits dishonest conduct before the Court.  Boies Schiller knows that it is filing duplicative claims, but this is not obvious to the Court because Wolf is filing his claims under pseudonyms.

182.   By publishing the names of individuals without their consent, in a highly sensitive case involving the murder of those person's relatives by paramilitary death squads, Defendant has also breached Rule 1.6 regarding the confidentiality of client information. Every person who entered into the office of Accion Social did so with the reasonable expectation that their application would be confidential.

183.   Boies Schiller's method for obtaining power of representation by direct solicitation through a corrupt employee of foreign government violates Rule 4.5, concerning communication after incidents involving personal injury or wrongful death. Since Boies Schiller's agents knew these individuals were already represented, this conduct also violated Rule 4.2, regarding communication with persons already represented by counsel.

184.   Boies Schiller's treatment of persons it has never met, as if they were their own clients, violates Rules 1.3 and 1.4, which require communication with clients and diligence in investigating their claims.   None of the Doe Plaintiffs have any idea who Boies Schiller is.

185.   Individual partners and employees of Boies Schiller involved in this case are vicariously liable for the firm's conduct, both in tort law, and in the N.Y. Rules of Professional Conduct.  Specifically, this implicates Rules 5.1, 5.2, and 5.3

186.   Boies Schiller violated Rule 1.5(e) by not disclosing whatever feel sharing arrangement it may have with Heli Abel, or even disclosing their involvement in Heli Abel's retainer agreement.  <u>See</u> Exhibit A, Example Heli Abel retainer agreement.   In addition, the agreement of the MDL committee contains a fee sharing arrangement that splits fees evenly among participants. It contains a provision for extra compensation for

the firm the client believes represents her, but Wolf has not been able to get the committee to define this term.  None of the Doe Plaintiffs have ever agreed to any fee split or are even aware that Boies Schiller filed suit in their name.

187.    More generally, Boies Schiller has breached its fiduciary duties to people Boies Schiller clams to represent.  Attorneys may not act in their own interest to the detriment of their clients.  By knowingly filing duplicate claims for these individuals, Boies Schiller Flexner LLP has acted against these individuals' interests.

### Fourth Cause of Action

### Negligence, by All Plaintiffs

188.    Plaintiffs incorporate by reference all of the preceding paragraphs as if set forth herein.

189.    Defendant's relationship with Jhon Ivan Polo, who directs the local office of an aid agency of the Colombian government, violates the Foreign Corrupt Practices Act of 1977, 15 U.S.C. §§ 78dd-1, et seq. (hereinafter 'FCPA')[22]  Plaintiffs are unaware of the exact nature of the relationship between Mr. Polo and Boies Schiller Flexner LLP.  However, Mr. Polo aggressively solicited the business of Wolf's existing clients on Boies Schiller's behalf.  On information and belief, Boies Schiller Flexner LLP paid Heli Abel, which paid Mr. Polo and his assistants.  Reasonable discovery is likely to reveal co-counsel agreements between Boies Schiller Flexner LLP and Heli Abel, and whatever arrangement existed between Heli Abel and Jhon Ivan Polo.  It is inconceivable that Mr.

---

[22] Colombian government officials are forbidden by law from having any businesses on the side.  Yet this is precisely what Mr. Polo has done.  Mr. Polo no longer works for Accion Social, and is now an attorney in private practice.  Bribing government officials, if that can be proven, is also a criminal offense in Colombia.

Polo would put his government job at risk and hire assistants if he were not being compensated.

190.    The violation of the FCPA is negligence per se.  Plaintiffs were defrauded by a foreign government official who was apparently bribed by Defendants for their own commercial gain, and are the kinds of people the statute was intended to protect.  The statute was also designed to protect people like Wolf, whose business relations with the other Doe Plaintiffs were harmed by Mr. Polo and his influence within Accion Social.

191.    Defendant's duty of reasonable care arises from its filing a complaint in the Doe Plaintiffs names and from its duty to the Court and to the New York Bar.  Defendant's fraudulent conduct, both during meetings with Plaintiffs at Accion Social, and subsequent ratification by filing amended complaints, breached this duty.  These complaints were the cause in fact and proximate cause for Plaintiff's injuries, which include the legal problems now facing Plaintiffs, and whatever forseeable damages may occur in the future, considering that Plaintiffs must now involve Bar Counsel in this dispute, a development that can work to the benefit of Chiquita Brands in the related litigations.

192.    Defendant and/or its agents, selected, hired, retained and/or contracted with persons who were unfit, incompetent or unethical in their practice of the legal professon.  Defendants had a duty to Doe Plaintiffs to take reasonable care to ensure that these and/or agents were not unfit, incompetent or unethical.   Despite actual or constructive knowledge of the characteristics of these individuals, Defendants hired, retained, and/or contracted with them, and have subsequently ratified their actions, with actual knowledge of the allegations in this complaint.   Defendants had the duty to supervise, prohibit, control, and/or regulate their employees and/or agents so as to prevent these acts and

omissions from occurring.  Defendants' conduct constitutes negligent hiring and supervision and is actionable under the laws of the District of Columbia and other jurisdictions.

193.  As a direct and proximate result of Defendants' negligent selection, hiring, retention and/or contracting, and negligent supervision of their employees and/or agents, Plaintiffs have suffered and continues to suffer injuries entitling Plaintiffs to damages in amounts to be proven at trial.

194.  Defendant's conduct is malicious and unreasonable.  No reasonable attorney would continue to represent another attorney's clients, knowing that the other attorney had already filed the claims in court, compiled a file of that client's documents, and threatened to sue them over the duplicate claims. To not even investigate these allegations, made over one year ago, constitutes gross negligence and proves Defendant's malicious intent.  The conduct alleged herein is criminal, in both the United States and Colombia, and falls short of the required standard of care required by a member of the legal profession.

**Fifth Cause of Action**

**Invasion of Privacy, by All Doe Plaintiffs, other than Does 50 and 73**

195.  Plaintiffs incorporate by reference all of the preceding paragraphs as if set forth herein.

196.  By publishing the names of the legal heirs of persons assassinated by death squads, Defendant has put those individuals lives in jeopardy and invaded their privacy.

197.  The publication of the names was an unreasonable intrusion into Doe Plaintiffs' privacy, in light of the fact that their family members were assassinated because their

names appeared on "black lists."  Some of the Doe Plaintiffs have fled their homes due to their reasonable fears of being killed by the AUC, and live as internally displaced persons.  Defendant has no relationship with Doe Plaintiffs or privilege to publish this confidential information.  The confidential information is not the person's name, but the fact that they are associated with this case.

198.   This also unreasonably places Doe Plaintiffs in a false light before the public.  The public may assume that Plaintiffs are associated with the FARC guerrilla group, which is not true.   However, guilt by association is commonplace in Colombia.  Colombia's war is very personal and based largely on personal revenge.

199.   A reasonable person, if made aware of the background to Colombia's conflict and the nature of this case, would find the publication of Plaintiff's names without their knowledge or consent, to be highly offensive.

200.   The public has no legitimate concern as to the actual identities of the Doe Plaintiffs.  They are sufficiently described in prior complaints and Chiquita will know all the known facts of their cases once a protective order is in place.  The publicity Doe Plaintiffs will receive is not only negative, it is potentially dangerous.

201.   Every Doe Plaintiff deposed in preparation for this case asked that her name not be published.  Deposition questions were not suggestive of any particular answer.

### Sixth Cause of Action

### Civil Conspiracy to Violate the Sherman and
### Clayton Acts, 15 U.S.C. §§ 1–7, 15 by All Plaintiffs

202.   Plaintiffs incorporate by reference all of the preceding paragraphs as if set forth herein.

203.    Defendant's anti-competitive practices seek to create an illegal monopoly and reduce competition in the marketplace for legal services, in violation of the Sherman Act, 15 U.S.C. §§ 1–7.  The Clayton Act, 15 U.S.C. § 15(a), provides for a civil cause of action for violations of the Sherman Act, which itself contains only criminal penalties.

204.    As described <u>supra</u> at ¶¶ 31-38, Defendant has conspired to monopolize the market for legal services for persons injured by Chiquita Brands in Colombia. Defendant's fraudulent scheme involves signing retainer agreements with all potential plaintiffs in order to prevent them from filing claims.  Such persons would be considered "class members" and only represented in court in the event a settlement occurs.  The signing of individual retainer agreements with putative class action members is fraudulent and intended to deceive the Plaintiffs, who do not realize that Defendant's are contractually bound not to file their claims.  Defendant has conspired with the other plaintiffs' counsel in the Multi-District Litigation in the Southern District of Florida in this fraudulent plan.

205.    This agreement is a formal and explicit agreement among competitors to agree to fix prices and division of attorneys fees, control marketing, and the provision of legal services for people with claims against Chiquita Brands, organized by lawyers who do not even represent a majority of clients with viable claims.  The aim of this agreement - which is properly termed a cartel agreement - is to fix prices, create a monopoly for legal services, restrain Wolf's trade, and increase the individual members' profits by reducing competition.

206.    The purpose of the MDL agreement is to bring every current and potential plaintiff under the control of Defendant and its co-conspirators, so that the group can

represent to the Court, and to defendant Chiquita Brands, that no more claims will ever be filed.

207.    Under the MDL agreement, Defendant has agreed not to actively pursue any new claims.  Although the purported reason to do so is that any hypothetical settlement would be divided among fewer plaintiffs, to the benefit of existing plaintiffs, the real reason is to create an illegal monopoly.

208.    Under the MDL Agreement, the Defendant and the other firms will have identical terms in their retainer agreements, for the most important terms.

209.    The MDL Agreement doesn't require any of the attorneys to notify their clients that the attorneys are contractually prevented from filing their claims.  A large number of Plaintiffs in this action, and in undersigned counsel's complaints against Chiquita, are illiterate.

210.    Individual contracts must include language acknowledging and consenting to the intent to associate with other unspecified counsel, and authorizing the sharing of fees with unspecified counsel, with no disclosure, or even definition of, the fee split.

211.    Under the MDL Agreement, attorneys' fees for new cases are to be divided equally among plaintiffs' counsel, with an undefined additional amount to be awarded to the firm with the actual contract with the client.  Contingency fees would be fixed at the maximum allowed under the Florida bar ethics rules.  Referral fees are limited to a maximum of no more than 25% of the total fee payable by the client.

212.    Defendant's overt act in furtherance of the conspiracy was to amend its complaint on September 20, 2012, in accord with its obligations under the MDL greement.

Reasonable discovery is likely to show that Defendant have taken further steps to implement the MDL Agreement.

213.    Defendant's acts are actionable as a civil conspiracy to restrain trade, restrict access to legal services, and defraud its own clients by signing retainer agreements for a purported class action, with no intent to ever file a complaint for these claims.

## V. <u>DEMAND FOR JURY TRIAL</u>

214.    Plaintiffs demand a trial by jury on all issues so triable.

## VI. <u>PRAYER FOR RELIEF</u>

215.    WHEREFORE, Plaintiffs respectfully request the Court to:

(a)     enter judgment in favor of Plaintiffs on all counts of the Complaint;

(b)     declare that Paul Wolf represents the co-Plaintiffs in this action, and that Defendant does not;

(c)     enjoin Defendant from taking any further legal action on Plaintiffs' behalf;

(d)     order Defendant to return Plaintiffs' evidence, which is needed for their cases;

(e)     award Plaintiffs compensatory damages;

(f)     award Plaintiffs punitive damages;

(g)      award Plaintiffs the costs of suit including reasonable attorneys' fees;

(h)     award Plaintiff such other and further relief as the Court deems just under the circumstances.


Respectfully submitted this 14th day of November, 2012.

_____
Paul David Wolf, D.C. Bar No. 480285
*Attorney for Does 1-98*
*Pro se Plaintiff*
PO Box 46213
Denver CO 80201
Telephone: 202-431-6986
paulwolf@icdc.com